## INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY v. W. C. BRANDON.

### Decided December 3, 1904.

**1.—Injury to Brakeman—Defective Handhold—Verdict.**

A verdict for $15,000 damages for permanent injuries sustained by a brakeman while in the discharge of his duties and without negligence on his part, as the result of a fall caused by a rung of the ladder on the side of a freight car giving way due to the rotten condition of the wood to which it was attached, held supported by the facts in evidence in this case.

**2.—Evidence—Life Expectancy—Mortality Tables.**

Upon the question of the life expectancy of a brakeman who sustained injuries permanently incapacitating him to do manual labor, mortality tables were admissible to aid the jury in determining the amount of damages to be awarded, though the fact that he followed the hazardous avocation of a brakeman might be considered in determining such damages.

Appeal from the District Court of Anderson. Tried below before Hon. John Young Gooch.

*N. A. Stedman* and *Gould & Morris,* for appellant.

*Campbell & McMeans,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought by W. C. Brandon against the International & Great Northern Railroad Company in the District Court of Anderson County for the recovery of damages for personal injuries. The plaintiff recovered a judgment for $15,000 upon the verdict of a jury, and the defendant has appealed. The plaintiff was a brakeman in the service of the defendant, and on September 29, 1902, while in the discharge of his duty as such it became necessary for him to go on top of a furniture car to let the brakes

off so that it could be moved from a siding where it stood. He climbed the ladder on the side of the car, and when he got up and caught hold of the last rung of the ladder the handhold gave way and he fell to the ground and was injured. The wood to which the handhold was attached was rotten and the accident was the result of its rotten condition. The plaintiff was injured through the negligence of the defendant in having a defective handhold without fault on his part, and the amount of the verdict is approved as sustained by the evidence. The plaintiff testified that he fell to the ground and was injured; that his back, the back of his head and his right foot and ankle were hurt; that his head was hurt so that he could not hear out of his left ear and that he had been suffering ever since. The trial in the court below when this testimony was given was in January, 1904, more than a year after the injuries were received. It appeared from the evidence of physicians that the plaintiff had a "club foot" resulting from the injury; that the foot was twisted inwards and the heel turned upwards; that he could not place the bottom of his foot on the floor when standing up; and that a man in plaintiff's condition would suffer much pain. In the opinion of the physicians the injury was permanent, and an operation on the foot that might make him able to do manual work would be an experiment. The plaintiff was not able to work as freight brakeman. He could not get about without crutches.

At the trial the court received in evidence mortality tables to prove the plaintiff's life expectancy, over the objections of the defendant that such mortality tables did not tend to show the life expectancy of a freight brakeman. The plaintiff's injury was permanent and the life expectancy related to the time that he would probably live as an aid to the jury in estimating the amount of damages to be awarded. His expectancy was of an average life, but the fact that he followed the hazardous avocation of a brakeman might be taken into consideration by the jury in determining the damages sustained. It is a difficult matter to make an estimate of the damages sustained in personal injuries, and whatever evidence may enable the jury to reach a conclusion as nearly correct as possible should be received. It would be important for the jury to know the age of the injured person and the time that a person of that age would probably live, in reaching their conclusion, it being shown that the injury is permanent. Life tables are based on selected average lives and give the jury a basis for making their estimate, to be varied as the facts might authorize. It is settled by our Supreme Court that such evidence is admissible. Galveston, H. & S. A. Ry. Co. v. Cooper, 2 Texas Civ. App., 42: Gulf, C. & S. F. Ry. Co. v. Mangham, 95 Texas, 413. The portion of the paragraph of the charge complained of under the third assignment of error is not subject to the objection made by the defendant, because it is followed by the instruction that if the plaintiff "was guilty of contributory negligence, that is to say, if any negligent act or omission on his part concurred or cooperated with any negligence on the part of the defendant company in causing or producing his injury," to find for the defendant. This corrects any want of completeness on the part of the paragraph complained of. The only remaining assignment of error is addressed to the amount of the judg-

ment, and it is disposed of in the conclusions of fact. There being no error in the judgment of the court below, it is affirmed.

*Affirmed.*

Writ of error refused.