PECOS & NORTHERN TEXAS RAILWAY COMPANY v. J. J. COFFMAN.

Decided June 19, 1909.

**1.—Evidence—Personal Injuries.**

Testimony of witnesses, in an action for damages for personal injuries, as to complaints by plaintiff of pain and soreness in his back, an impediment in his walk, and that prior to the accident the plaintiff was well and suffered from nothing, was not subject to the objections that the testimony was hearsay, or a conclusion of the witnesses and that the declarations of the plaintiff detailed by the witnesses were self-serving.

**2.—Same—Medical Expert—Want of Experience.**

A physician in the general practice, who had studied the particular disease

concerning which he is called upon to give an opinion, is qualified to give such opinion even though he has never had occasion to treat a patient for that disease, a want of experience going only to affect the weight of his testimony.

### 3.—Same—Discretion of Court.

While ordinarily the admission in evidence of the opinion of an expert witness rests largely in the discretion of the trial court, still, when the testimony upon a material issue is sharply conflicting, an abuse of such discretion will be cause for reversal. Rule applied.

### 4.—Same—Hypothetical Question.

A hypothetical question should not assume or be based upon a fact not proved.

### 5.—Carrier of Passengers—Degree of Care.

Upon the degree of care required of a carrier of passengers the form of charge used in International & G. N. Ry. Co. v. Halloren, 53 Texas, 53; International & G. N. Ry. Co. v. Welch, 86 Texas, 205; International & G. N. Ry. Co. v. Clark, 36 Texas Civ. App., 195, and St. Louis S. W. Ry. Co. v. Parks, 40 Texas Civ. App., 480, approved.

### 6.—Damages—Financial Loss—Evidence to Disprove.

Where plaintiff had testified that for five or six years prior to his injury he had earned from $5,000 to $7,000 per annum, the defendant should be allowed to prove that plaintiff's financial condition prior to the accident was such as would tend to contradict his testimony.

### 7.—Charge—Absence of Evidence.

In the absence of evidence supporting a theory of defense, a charge submitting such theory should not be given.

### 8.—Same—Ignoring of Issues.

A charge, which submits only certain issues as conclusive of the case and ignores others made by the pleading and evidence, should not be given.

### 9.—Same—Assumption of Fact.

A charge, which assumes a controverted fact, should not be given.

Appeal from the District Court of Deaf Smith County. Tried below before Hon. J. N. Browning.

*Terry, Cavin & Mills, Madden, Trulove & Kimbrough* and *Carl Gilliland,* for appellant.—In order to render declarations of one suffering with pain admissible in evidence, it must appear that the pain suffered was contemporaneous with the declarations, and the cause of the declarations. Rogers v. Crain, 30 Texas, 286; Newman v. Dodson, 61 Texas, 95; Texas Trunk Ry. Co. v. Ayres, 83 Texas, 269.

Physicians and surgeons who are graduates from accredited schools of medicine and surgery, and who have had considerable practice and experience as general practitioners in the line of their profession, are experts, and their opinions are admissible in evidence upon questions that are strictly and legitimately embraced in their profession and practice; and it is not necessary that a witness of this class should have made the disease involved in the suit in which he is called a specialty to make his testimony admissible as an expert. Rogers v. Crain, 30 Texas, 286; Newman v. Dodson, 61 Texas, 96; Gulf, C. & S. F. Ry. Co. v. Harriett, 80 Texas, 82; Fielder v. St.

Louis B. & M. Ry. Co., 112 S. W., 700; Lawson on Expert and Opinion Ev. (2d ed.), p. 136; Montgomery v. Commonwealth (Ky.), 11 S. W., 475; Seckinger v. Philibert Mfg. Co., 129 Mo., 590; People v. Koerner, 48 N. E., 730; State v. Reddick, 7 Kan., 143; Davis v. State, 35 Ind., 496; 5 Ency. of Evidence, 534d.

The exclusion of the opinion of Dr. Rogers was material and reversible error. Lumber Co. v. Denham, 88 Texas, 206; Able v. Sparks, 6 Texas, 349; Rogers v. Crain, 30 Texas, 291; Hudson v. Willis, 87 Texas, 387; Fielder v. St. Louis B. & M. Ry. Co., 112 S. W., 700.

The third paragraph or division of the court's charge is erroneous, in that it improperly defines negligence as applied to carriers of passengers and required of defendant a higher degree of care than is required by law. Houston Elec. Co. v. Nelson, 77 S. W., 978; Tyler v. Texas & P. Ry. Co., 79 S. W., 1075; International & G. N. Ry. Co. v. Clark, 81 S. W., 821; El Paso Elec. Co. v. Harry, 83 S. W., 735; Missouri, K. & T. Ry. Co. v. Byrd, 89 S. W., 991; St. Louis & S. W. Ry. v. Parks, 90 S. W., 343; Davis v. Galveston, H. & S. A. Ry. Co., 93 S. W., 222; International & G. N. Ry. v. Hugen, 100 S. W., 1000; Missouri, K. & T. Ry. v. Schroeder, 100 S. W., 808; St. Louis S. F. Ry. Co. v. Boyer, 97 S. W., 1070; Gilmore v. Houston Elec. Co., 102 S. W., 168.

*Knight & Slayton* and *Capps, Cantey, Hanger & Short,* for appellee.—The action of the court in refusing to suppress the interrogatories in the deposition of C. L. Nash, and the answers to the same, was not error, it being permissible and proper where the bodily injury and mental feelings of a party are to be proved the usual and natural expressions of such feelings made at the time are competent and original evidence in his favor. St. Louis & S. F. Ry. Co. v. Boyer, 97 S. W., 1070; Texas & P. Ry. Co. v. Barron, 78 Texas, 421; Houston & T. C. Ry. Co. v. Shafer, 54 Texas, 641; Newman v. Dodson, 61 Texas, 91; Gulf, C. & S. F. Ry. Co. v. Bell, 58 S. W., 621; Missouri, K. & T. Ry. Co. v. Oslin, 63 S. W., 1039; St. Louis S. W. Ry. Co. v. Burke, 81 S. W., 774; St. Louis S. W. Ry. Co. v. Haynes, 86 S. W., 934; St. Louis S. W. Ry. Co. of Texas v. Brown, 69 S. W., 1010.

The action of the court in overruling the defendant's motion to suppress the deposition of Mrs. Coffman was correct, it being proper to allow even nonexpert witnesses to give their opinions on questions of apparent condition of the body or mind, or sickness or health. St. Louis & S. F. Ry. Co. v. Smith, 90 S. W., 929; First Greenleaf on Evidence, sec. 439; Gulf, C. & S. F. Ry. Co. v. Richards, 83 Texas, 203; Rutherford v. St. L. S. W. Ry. Co. of Texas, 67 S. W., 161; St. Louis S. W. Ry. Co. of Texas v. Wright, 84 S. W., 270; Gulf, C. & S. F. Ry. Co. v. Matthews, 88 S. W., 192; St. Louis S. W. Ry. Co. of Texas v. Bowles, 72 S. W., 451; 1 Elliott on Evidence, secs. 677-8.

A physician will not be permitted to testify as an expert concerning any particular class or character of disease or affliction unless he shows some knowledge or competency to speak on that subject, and

whether or not a witness is qualified is a question for the court to determine and can not be complained of unless there has been an abuse of the discretion lodged in the court. Spaulding v. City of Edina, 97 S. W., 545; Combs v. Rountree Const. Co., 104 S. W., 77; Myer Bros. Drug Co. v. Madden, Graham & Co., 99 S. W., 723; Texas & P. Ry. Co. v. Warner, 93 S. W., 489; Galveston, H. & S. A. Ry. Co. v. Daniels, 28 S. W., 550; Montana Ry. Co. v. Warren, 137 U. S., 348; Inland & Seaboard Coasting Co. v. Tolson, 139 U. S., 559, 35 L. Ed., 273; Chateaugay Ore & Iron Co. v. Blake, 144 U. S., 484, 36 L. Ed., 513; Stillwell & B. Mfg. Co. v. Phelps, 130 U. S., 520, 32 L. Ed., 1035.

Whether a witness called to testify to any matter of opinion has such qualifications and knowledge as to make his testimony admissible is a preliminary question for the judge presiding at the trial, and his decision of it is conclusive unless clearly shown to be erroneous in a matter of law. St. Louis & S. F. Ry. Co. v. Bradley, 54 Fed., 630, and cases there cited; Stillwell & B. Manufacturing Co. v. Phelps, 130 U. S., 520; 11 Rose's notes on U. S. Reports, p. 1065.

To qualify a witness as an expert to give an opinion on any particular fact he must be shown to have a knowledge of the fact gained either from practice or study, or both, which is beyond ordinary knowledge or observation. Souchek v. Karr, 111 N. W., 150; Hildebrand v. United Artisans, 91 Pac., 542; 9 Current Law, note 40, p. 1299.

The definitions by the trial court of negligence and of the term "highest degree of care" were correct. Houston & T. C. Ry. v. Gorbett, 49 Texas, 573; Levy v. Campbell, 19 S. W., 440; Gallagher v. Bowie, 66 Texas, 266; St. Louis S. W. Ry. Co. of Texas v. Byers, 70 S. W., 558; San Antonio Trac. Co. v. Parks, 93 S. W. (Civ. App.), 130; (Sup. Ct.), 94 S. W., 331; Gulf, C. & S. F. Ry. Co. v. Smith, 87 Texas, 352; Houston & T. C. Ry. Co. v. George, 60 S. W., 313.

DUNKLIN, Associate Justice.—While J. J. Coffman was a passenger on the Pecos & Northern Texas Railway the engine ran upon a side track in the town of Hereford and collided with a string of box cars. Coffman instituted suit for damages for injuries alleged to have been received as a result of being thrown against the back of a seat and on the floor of the car by reason of this collision, and from a judgment in his favor defendant has appealed.

Defendant's first four assignments complain of the action of the court in overruling objections to certain testimony of witnesses C. L. Nash, Mrs. Sallie Coffman, Geo. M. Slaughter and F. C. Davidson. The testimony objected to was as to complaints by plaintiff of pain and soreness in his back, an impediment in his walk, and an answer by Mrs. Coffman, plaintiff's wife, to one question, to the effect that prior to the accident Mr. Coffman was well and suffered from nothing. The objections were that the testimony was hearsay; that the declarations of plaintiff detailed by the witnesses were self-serving, and that the testimony of Mrs. Coffman to the effect that prior to the accident Mr. Coffman was well, was a conclusion which

the witness was not qualified to give. There was no error in the admission of the testimony. (St. Louis & S. F. R. Co. v. Boyer, 44 Texas Civ. App., 311, and authorities there cited; St. Louis & S. F. Ry. v. Smith, 90 S. W., 929; St. Louis S. W. Ry. Co. of Texas v. Wright, 84 S. W., 272; Rutherford v. St. Louis S. W. Ry., 28 Texas Civ. App., 625, and authorities there cited.)

The plaintiff's contention was that from the injury received in the accident he was suffering from myelitis or sclerosis of the spinal cord. He submitted to an examination by physicians in Kansas City for the purpose of determining whether or not his spine was so diseased. Doctor Rogers was present at this examination and testified that from his observations during that examination he formed, and at the time of the trial had, a definite opinion as to whether or not Mr. Coffman was suffering from any form of myelitis or sclerosis of the spinal cord. Doctor Rogers further testified that he was a graduate of the medical college of the University of Tennessee; that he had been engaged in the practice of medicine thirty-seven years; that he was not a specialist in spinal cord diseases; had never treated a case of myelitis or sclerosis of the spinal cord, but had read on those subjects and had such knowledge and information as a general practitioner would have. Defendant's counsel then asked him to state to the jury the opinion that he had formed as to whether or not Mr. Coffman had sustained any injury to his spine, or was suffering with any kind of spinal affection. Plaintiff objected to this question on the ground that Doctor Rogers was not qualified to express an opinion. The court sustained this objection, stating at the time that "it would be better to question the witness further touching his qualifications," and stated to defendant's counsel that he might go ahead and further qualify the witness to speak. Defendant's counsel thereupon stated that he could not further qualify the witness. The bill of exception approved by the court contains the statement in effect that the witness, if permitted, would have testified that in his opinion plaintiff was not suffering from any spinal affliction. To sustain the ruling of the court appellee contends that whether a witness has qualified himself to testify as an expert is a question for the determination of the trial court, whose decision will not be reviewed on appeal unless a gross abuse of the court's discretion is made to appear. In support of this contention many cases are cited, such as Myer Bros. Drug Co. v. Madden, Graham & Co., 45 Texas Civ. App., 74; Spaulding v. City of Edina, 97 S. W., 545; Combs v. Rountree Construction Co., 104 S. W., 77; Inland & Seaboard Coasting Co. v. Tolson, 139 U. S., 559, 35 L. Ed., 273; Chateaugay Ore & Iron Co. v. Blake, 144 U. S., 484, 36 L. Ed., 513; Stilwell & B. Mfg. Co. v. Phelps, 130 U. S., 520, 32 L. Ed., 1035.

The spinal injury was the principal injury complained of by the plaintiff, and upon the issue as to whether or not plaintiff was suffering from this injury the testimony was sharply conflicting, several physicians testifying to such injuries and several others testifying to the contrary. We think it well settled by the authorities that a physician in the general practice who has studied the particular

disease concerning which he is called upon to give an opinion is qualified to give such opinion even though he has not made such diseases a specialty in his practice, and even though he has never had occasion to treat a patient for that disease, a want of experience going to affect the weight of his testimony only. (Lawson on Expert and Opinion Evidence, 1st ed., pages 118 to 129, inclusive; Montgomery v. Commonwealth (Ky.), 11 S. W., 475; 1 Wigmore on Evidence, secs. 569 and 687.)

If it be conceded that ordinarily it would have been discretionary with the trial court to exclude the opinion of Doctor Rogers as an expert, we think that under the authorities and in view of the conflict of testimony upon the issue as to whether or not the plaintiff was suffering from the spinal diseases complained of, it was an abuse of such discretion to exclude said testimony, and its exclusion constituted error for which the judgment of the trial court must be reversed.

Under the seventh assignment of error appellant insists that the hypothetical questions propounded to witnesses were objectionable in assuming that the engine was demolished by the collision in controversy. We are inclined to think that there was no evidence to show that the engine was demolished, and while this error might not be sufficient to reverse the case, we suggest that this objection should be avoided upon another trial.

In his charge the court repeatedly told the jury that the defendant owed the duty under the law to exercise the highest degree of care and prudence for plaintiff's safety while a passenger on its train, and in the charge the following language was used: "And by the term highest degree of care means that degree of care which a person possessed of the highest degree of care and prudence, engaged in the same kind of employment, would exercise under the same circumstances." A more accurate definition of the duty owing by a railway company to a passenger on one of its trains is found in International & G. N. Ry. v. Halloren, 53 Texas, 53; International & G. N. Ry. v. Welch, 86 Texas, 203; International & G. N. Ry. Co. v. Clark, 36 Texas Civ. App., 195; St. Louis S. W. Ry. Co. of Texas v. Parks, 40 Texas Civ. App., 480. Appellee contends that the evidence conclusively establishes negligence on the part of defendant as a matter of law, and that if there was error in the charge given, the same was harmless. Without deciding that question or the further question whether or not there was error in the charge, we suggest that upon another trial, in defining the legal duty which the defendant owed to plaintiff, it would be better for the court to follow the form of charge approved in the cases last above cited.

Relative to the question presented under the sixth assignment of error we suggest further that if upon another trial defendant can prove that plaintiff's financial condition prior to the accident was such as would tend to contradict his testimony that for five or six years prior to the accident in controversy he had earned from five thousand to seven thousand dollars per annum, defendant upon cross-examination of plaintiff should be allowed to make such proof. We recognize the general rule announced in Missouri Pacific Ry. v.

Lyde, 57 Texas, 510, and Missouri, K. & T. Ry. of Texas v. Hannig, 91 Texas, 349, that in such cases the wealth or poverty of the plaintiff are immaterial issues and calculated to prejudice the jury in favor of one or the other party to the suit, yet we believe that if the defendant should desire to show the poverty of plaintiff under such circumstances evidence of that fact should be admitted. In most cases the holding that proof of poverty of plaintiff in suits for damages is not admissible is based upon the idea that such proof would be prejudicial to the defendant. When the plaintiff testifies to large earnings prior to a personal injury, and sues for damages for loss of such earnings by reason of the injury, proof of his poverty shortly prior to the accident might reasonably tend to contradict his testimony as to the amount of his earnings, and if the defendant sees fit to risk any sympathy that such proof might arouse in the minds of the jurors in plaintiff's behalf, the same should be admitted.

In the case of Gulf, C. & S. F. Ry. Co. v. Matthews, 100 Texas, 63, our Supreme Court held certain testimony admissible, over the objection that it was irrelevant and immaterial, which was offered upon cross-examination for the purpose of affecting the weight of the testimony of one of plaintiff's witnesses. In discussing the question of the admissibility of that evidence, the following language was used: "The effort here is to establish the falsity of the witness's testimony material to the case by circumstances, one of which is that that did not happen which would naturally be expected to have happened if the tale were true, that is, an earlier disclosure of the facts known to the witness. This evidence is directed at the very facts in issue in the case, and not to the proof of irrelevant facts. When the existence of facts material to a plaintiff's case are put in issue by the defense, the truth of the testimony of witnesses to those facts is also put in issue; and evidence which has a tendency to show the untruth of such testimony is as relevant to the issues as testimony of other witnesses denying that the facts exist. As was said by Judge Stayton in Evansich v. Gulf, C. & S. F. Ry. Co. (61 Texas, 28): 'As all issues of fact must be determined by the testimony of witnesses, it would seem that any fact which bears upon the credit of a witness would be a relevant fact, and this whether it goes to his indisposition to tell the truth, his want of opportunity to know the truth, his bias, interest, want of memory, or other like fact.' Evidence therefore which bears upon the story of a witness with sufficient directness and force to give it appreciable value in determining whether or not that story is true, can not be said to be addressed to an irrelevant or collateral issue. It is directed to the issue as to the existence of the material facts to which the witness has testified."

The second special instruction requested by defendant was properly refused. It was in effect that if the switch was left open not through carelessness of defendant's employes, but by someone other than an employe, the verdict should be for defendant unless the accident occurred through the negligence of the engineer in running the train into the open switch. There was no evidence that some person not engaged in defendant's service left the switch open, and in the absence of such testimony it would be improper to give such a charge.

This renders it unnecessary to consider the question whether or not the instruction would be proper in the absence of that vice. Dallas Const. Elec. St. Ry. v. Lytle, 48 Texas Civ. App., 107.

By its third and fifth special charges defendant requested the court to instruct the jury to find in its favor if plaintiff did not sustain an injury which caused him to suffer from myelitis or sclerosis of the spinal cord. These charges ignored other injuries testified to by plaintiff, and they were correctly refused.

The sixth special instruction requested by defendant was erroneous in that it assumes as a fact that rheumatism and sciatica could not result from an injury to the spinal column or nerves.

The judgment of the trial court is reversed and the cause remanded for another trial.

*Reversed and remanded.*