### Herman Kruegel v. Murphy & Bolanz et al.

Decided March 5, 1910.

**1.—Mandamus—Parties.**

In a mandamus proceeding to compel the clerk of a court to issue an execution on a judgment, the judgment debtor may properly be permitted to intervene and contest the motion.

**2.—Bankruptcy—Judgment Debtor.**

A judgment debtor is relieved from payment of the judgment when the same has been duly scheduled and the judgment creditor notified of the bankruptcy proceeding. Execution should not thereafter issue on such judgment.

**3.—Same—Judgment Creditor.**

In the absence of evidence that a personal judgment reverted to a bankrupt at the close of bankruptcy proceedings against him, it will be presumed that the title thereto had passed out of him, and he would have no right to demand that execution issue thereon or to collect the same.

**4.—Jury Trial—Refusal not Error, when.**

When the evidence is such that the trial court should have instructed a verdict for the defendant had the case been tried with a jury, the refusal of the court to allow the plaintiff to have a jury can not be reversible error.

**5.—Day in Court.**

It would seem that when there were three other final judgments involving the same questions and between the same parties, besides three other suits involving the same questions between the same parties pending on appeal, in all of which the appellant was cast in the actions, it could not be said that the appellant had not had his "day in court."

Appeal· from the District Court of Dallas County.   Tried below before Hon. Kenneth Foree.

*Herman Kruegel,* for appellant.

*Cobb & Avery,* for appellee.

RAINEY, CHIEF JUSTICE.—This is an appeal from a judgment of the Fourteenth District Court rendered against the appellant on a motion filed by him in case No. 12,634, Herman Kruegel v. Murphy & Bolanz, for the writ of mandamus to compel the district clerk to issue a writ of execution to enforce the collection of a monied judgment rendered in his favor in said cause No. 12,634.   Murphy & Bolanz, by permission of the District Court, made themselves parties defendant and filed an answer.   The clerk did not answer.   The motion was duly heard and resulted in a judgment for defendants, and Kruegel appeals.

*Conclusions of Fact.*—The trial judge filed conclusions of fact which are supported by the evidence and we adopt the same as the conclusions of fact of this court, which are as follows:

"I find the following to be the facts from the evidence given in the motion and application for mandamus in the above cause.

"First.   On March 17, 1894, Herman Kruegel recovered in this court a judgment against J. P. Murphy and Chas. F. Bolanz for $1318.60, bearing six percent interest from date, and costs of suit, numbered and styled as above.

"Second.   About May 16, 1903, said Chas. F. Bolanz brought a suit in this court, No. 22468, against said Herman Kruegel and others for the purpose, among other things, of enjoining the collection of the above mentioned judgment and setting up, among other things, that said Murphy & Bolanz had been released and discharged from said judgment by proceedings in bankruptcy duly had since the rendition of said judgment, and that an execution had been issued on said judgment and levied on a certain lot, etc., said in-

junction suit No. 22468 was by an order duly made and entered in the minutes of this court, transferred by this court for trial to the Forty-Fourth Judicial District Court within and for Dallas County, and that court acquired and had full jurisdiction of said case, and said court, after a trial on the merits at which all parties appeared, on March 26, 1904, duly rendered judgment and entered its judgment and decree which enjoined said Kruegel and the clerk of this court and his deputies and his successors in office from issuing any execution whatever on or by virtue of said judgment first above mentioned; and enjoined the sheriff of Dallas County and his deputies and his successors in office from levying an execution which might be issued on said judgment, said Kruegel and said clerk and said sheriff having notice of and being parties to said injunction suit and decree, which judgment and decree is still in full force and effect and not appealed from.

"Third. There have been heretofore in this court three applications for mandamus brought by said Kruegel, similar to the present one and between the same parties; in the first one a final judgment was rendered by this court on October 2, 1905, and in the second a final judgment was rendered by this court on May 12, 1908, and in the third a final judgment was rendered by this court October 10, 1908, and in each of these final judgments a similar application for mandamus by said Kruegel against the clerk of this court was refused and denied, based on same judgment as in case No. 22468, and these three judgments are still in full force and effect and not appealed from.

"Fourth. Prior to June 3, 1907, said Kruegel brought three suits in the Forty-Fourth Judicial District Court for Dallas County against the clerk of this court and said Murphy & Bolanz, claiming in each damages because of the refusal of said clerk to issue, after demand, an execution on the judgment first above mentioned, the defendants in said three suits set up and relied upon the judgment in the injunction suit above mentioned and, after trial on the merits, final judgments were rendered against Kruegel in said three cases, but said three cases are now pending in the Court of Civil Appeals on writs of error sued out by Kruegel.

"Fifth. Prior to June 8, 1899, on their own petitions, said J. P. Murphy and Chas. F. Bolanz were duly adjudged bankrupts by the proper United States District Court, and the judgment first above mentioned was duly scheduled by them in said proceedings, and said Kruegel was duly notified and appeared and contested said proceedings, and on said day said J. P. Murphy and Chas. F. Bolanz each and both duly received from said court their discharges in bankruptcy, releasing and discharging them from all their debts and liabilities existing on September 8, 1899, when they were adjudged bankrupts. In 1900 said Kruegel on his own petition was duly adjudged a bankrupt by said United States Court, and one A. W. May was appointed and duly qualified as his trustee in bankruptcy and afterwards said Kruegel received his discharge in bankruptcy."

*Conclusions of law.*—1. The judgment in cause No. 12634 being

against Murphy & Bolanz, they were most vitally interested adversely to Kruegel in its collection, and the court properly permitted them to intervene and contest the motion to require the clerk to issue an execution for its enforcement. The clerk had no special interest therein, and if there was any reason why the motion should not be granted, the duty of showing that reason very properly fell on Murphy & Bolanz, as they were the ones affected by such proceedings. Smith v. Power, 2 Texas, 57; Eppstein v. Holmes, 64 Texas, 560.

2. After the rendition of the judgment against Murphy & Bolanz in cause No. 12634, they were adjudged bankrupts and were discharged. In said bankrupt proceedings this judgment was scheduled with their liabilities and Kruegel contested their discharge. Their discharge being granted they were relieved from the payment of said judgment and Kruegel has no legal right to have process issued for its enforcement.

3. Kruegel having been adjudged a bankrupt and received his discharge after the rendition of said judgment, the presumption is that the said judgment was scheduled among his assets and the title thereto passed out of him and the same applied to the payment of his debts. It not being shown that it reverted to him at the close of the bankruptcy proceedings, it must be presumed that it was consumed in the settlement of his bankrupt estate, and no right was shown in him to now collect it.

4. Kruegel having been enjoined from requiring the issuance of the execution on the ground that he was not the owner of said judgment by the decree of the Forty-Fourth District Court, which decree was never appealed from, but is still in existence, he is barred from now demanding the issuance of an execution to enforce the collection of said judgment. Kruegel v. Rawlins, 121 S. W., 216; Kruegel v. Rawlins, 124 S. W. (Sup.), 419.

5. There was no error in the court's refusing to allow Kruegel a jury in the trial of this case. Kruegel neither offered to pay the jury fee, nor to make affidavit of his inability to pay it. Besides, the evidence was such that the court should have instructed a verdict for the defendants had the case been tried before a jury, therefore no injury resulted to Kruegel for the want of a jury. Cleveland v. Smith, 113 S. W., 547.

6. It appears that there are three other final judgments denying Kruegel the right to have execution issued on this judgment existing in the District Court of Dallas County, besides three suits involving in one way or another the right to enforce the collection of said judgment against Murphy & Bolanz have been brought and prosecuted to judgment and appealed, in which Kruegel has lost in each instance. It seems that he has had his *day* in court.

The foregoing conclusions of law dispose of the assignments of error, and there being no error shown, the judgment is affirmed.

*Affirmed.*

Writ of error refused.