### KRUEGEL v. RAWLINS et al.†

(Court of Civil Appeals of Texas. Dallas. May 11, 1912. Rehearing Denied June 1, 1912.)

JUDGMENT (§ 585*)—RES JUDICATA.

Where, in an action on the bond of the district clerk for failure to issue an execution on a judgment, the evidence showed that in several proceedings judgments had been rendered refusing to require the clerk to issue such execution because the judgment debtors had been discharged in bankruptcy, the court properly directed a verdict for the defendants.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1062–1064, 1067, 1073, 1084, 1085, 1092–1095, 1097, 1132; Dec. Dig. § 585.*]

Appeal from District Court, Dallas County; Kenneth Feree, Judge.

Mandamus by Herman Kruegel against A. B. Rawlins and others. From a judgment for defendants on a directed verdict, plaintiff appeals. Affirmed.

See, also, 103 Tex. 86, 124 S. W. 419.

Herman Kruegel, of Dallas, for appellant. Thompson & Word, of Dallas, for appellees.

RAINEY, C. J. We take from appellees' brief the following statement of the nature of the case: "Appellant brought this suit in the district court of the Fourteenth judicial district of Dallas county against the appellees and J. P. Murphy and Charles F. Bolanz. His original petition was filed July 25, 1905. Appellant sued the appellees A. B. Rawlins, as principal, and Ferris and Reardon and Lane and Owens, as sureties on Rawlins' official bond as district clerk, because Rawlins, as such clerk, refused to issue for him, on March 14, 1905, the sixth execution on a judgment rendered in the Fourteenth judicial district court on March 17, 1894, in favor of appellant against J. P. Murphy and Charles F. Bolanz for $1,318.60 in a case in said court numbered and styled on the docket as follows: No. 12,634, Herman Kruegel v. Murphy & Bolanz. The defendants Murphy and Bolanz answered by filing general exception and general denial, and by plea of limitation of two years, and also that the appellee Rawlins and appellant Kruegel had been enjoined from issuing any execution against said defendants by the district court of the Forty-Fourth district in case No. 22,468, styled C. F. Bolanz v. Herman Kruegel et al., on March 26, 1904. The appellees Rawlins, Ferris, Reardon,

Lane, and Owens, on February 22, 1910, filed their first amended original answer, in which they pleaded general demurrer, general denial, and by special answer they set up that by judgment of the Forty-Fourth district court rendered on March 26, 1904, in the case of Charles F. Bolanz v. Herman Kruegel et al., No. 22,468, the appellee Rawlins was restrained and enjoined from issuing after March 26, 1904, for said Kruegel any execution on said judgment rendered in favor of Kruegel against Murphy & Bolanz in the Fourteenth district court on March 17, 1894, in said case No. 12,634, Herman Kruegel v. Murphy & Bolanz, which said judgment of the Forty-Fourth district court was in full force and effect. Further, that in suits in the Forty-Fourth district court styled and numbered as follows: Herman Kruegel v. H. W. Jones et al., No. 277; Herman Kruegel v. A. B. Rawlins et al., No. 507; and Herman Kruegel v. A. B. Rawlins et al., No. 541—in which the plaintiff was suing on substantially the same cause of action as herein, and for the same matters and things as sued for herein by him, the said court did, on June 3, 1907, adjudge and decree that plaintiff, Kruegel, was not entitled to any recovery against defendants therein; that plaintiff appealed said cases to this court, where they were affirmed and writs of error were refused by the Supreme Court; and that by reason of all of which appellant was estopped herein, and said judgments were all res adjudicata. Further, that theretofore appellant did file and institute in the Fourteenth district court, against the district clerk of Dallas county, his proceedings, asking that said Fourteenth district court would order, decree, and compel and mandamus said clerk to issue execution for him on said judgment rendered in his favor by said court on March 17, 1894, against Murphy & Bolanz; that in each and all of said proceedings said Fourteenth district court, by its judgments rendered on April 11, 1904, October 2, 1905, May 12, 1908, and October 10, 1908, did adjudge and decree that appellant was not entitled to have any execution issued for him by said clerk, which said judgments of said Fourteenth district court in said mandamus proceedings were in full force and effect. Further, that said Fourteenth district court, in that certain cause and proceeding in said court, styled and numbered as follows, Herman Kruegel v. Murphy & Bolanz, No. 12,634, on January 23, 1909, and January 30, 1909, did refuse the relief in said proceedings prayed for by appellant to compel said clerk to issue for him an execution on said judgment of March 17, 1894, and did also decree that said Murphy & Bolanz, and J. P. Murphy and Charles F. Bolanz, by their discharge in bankruptcy granted them by the District Court of the United States in the

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

year 1898, were relieved and discharged of any liability on said judgment of March 17, 1894, and said judgment was canceled and discharged against them. That said Murphy & Bolanz and J. P. Murphy and Charles F. Bolanz were parties defendant to all the hereinbefore mentioned suits and proceedings, and judgments were rendered in all of them in favor of said Murphy & Bolanz and J. P. Murphy and Charles F. Bolanz." A trial resulted in a verdict and judgment in favor of appellees; the court having instructed the jury to that effect, from which Kruegel appeals.

The appellees sustained the defenses set up in their answers, and the court did not err in directing a verdict in their favor, as no other judgment should have been rendered.

The issues presented and raised in this case are precisely the same as those that have heretofore been decided against appellant by the trial and appellate courts in a number of instances, and it seems that the litigation over these matters should have a termination.

Appellees introduced a final judgment rendered by the Fourteenth district court of Dallas county in a cause where appellant sought a mandamus to compel the district clerk to issue a writ of execution on the judgment of Kruegel v. Murphy & Bolanz, No. 12,637, for $1,318.60, which is the same judgment he is now seeking damages for for failure to issue execution on. In said mandamus proceeding it was adjudged that Murphy & Bolanz were, by their discharge in bankruptcy granted them by the United States District Court in 1898, discharged and relieved of liability on plaintiff Kruegel's said judgment, and that same was discharged and canceled by said bankruptcy and no longer an obligation against them. The mandamus was refused and the clerk ordered not to issue execution on said judgment.

Several other judgments were introduced, wherein the court refused to require the district clerk to issue execution on judgment in No. 12,637, Kruegel v. Murphy & Bolanz.

Appellees also introduced a judgment of the Forty-Fourth district court enjoining Kruegel, the district clerk, and others from issuing execution on said judgment No. 12,-637, on the ground that the ownership of same had been divested out of the bankruptcy proceeding, wherein he was on his application adjudged a bankrupt.

These and other judgments introduced in evidence by appellees show that Kruegel's right to have execution issued on said judgment in No. 12,634 had been fully adjudicated. Some of the cases involving these matters have been passed on by this and the Supreme Court, in which it was held that Kruegel was not entitled to recover, among which are Kruegel v. Rawlins, 121 S. W.

216; Kruegel v. Jones, 121 S. W. 218; Kruegel v. Rawlins, 103 Tex. 86, 124 S. W. 419; Kruegel v. Murphy & Bolanz, 126 S. W. 680; Kruegel v. Jones, 143 S. W. 989.

The judgment is affirmed.