KRUEGEL v. MURPHY & BOLANZ et al.

(Court of Civil Appeals of Texas. Dallas. May 31, 1913. Rehearing Denied June 21, 1913.)

CLERKS OF COURTS (§ 68*)—APPOINTMENT OF DEPUTY—FAILURE.

Rev. St. 1895, art. 1080, providing that in all cases wherein any district clerk is a party the district judge, in whose court the same shall be pending, shall appoint a clerk pro tem, is mandatory, and a failure to appoint a clerk, where the regular clerk is an interested party, will render the proceeding

void, but where the clerk was merely a nominal party in mandamus, which involved plaintiff's right to an execution on a judgment, the failure to appoint a clerk merely renders the proceedings irregular only, and a judgment of affirmance in such proceedings is not void.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 107, 108; Dec. Dig. § 68.*]

Appeal from District Court, Dallas County.

On motion to set aside former judgment. Motion denied, and former opinion affirmed.

For former opinion, see 126 S. W. 680.

Herman Kruegel, of Dallas, for the motion. Cobb & Avery, of Dallas, for contestants.

RAINEY, C. J. This is a motion to set aside a judgment of affirmance rendered by this court on March 19, 1910, in cause No. 6,034, appealed from the Fourteenth judicial district court of Dallas county, styled Herman Kruegel v. Murphy & Bolanz et al. In said case in the court below Kruegel filed an application for a mandamus to require H. H. Williams, district clerk, to issue an execution on a judgment rendered by the district court in his favor against Murphy & Bolanz for a certain sum of money. In that proceeding, by permission of the trial court, Murphy & Bolanz made themselves parties defendant and set up various grounds why execution should not issue on said judgment. Williams filed no answer, and the district judge denied the application for mandamus, and Kruegel appealed.

The ground now urged for setting aside the judgment of this court is that the proceedings in that cause are null and void, and this court erred in assuming jurisdiction thereof, because Williams, district clerk, was a party defendant to said cause, and no clerk pro tem was appointed in said cause, as required by R. S. 1895, art. 1080, and that said Williams performed the functions of clerk in said cause, filing papers, entering the decree, and certifying to the transcript on appeal.

In actions against the clerk of a court, the statute is mandatory that a clerk pro tem shall be appointed to act during the trial of that cause, and in such cases our appellate courts have held that when no clerk pro tem was appointed, and the regular clerk acted, such proceedings were void. Kruegel v. Williams, 153 S. W. 904. But were the proceedings in cause No. 6,034, now under consideration, void or merely irregular? We think they were merely irregular, and the motion should not be granted. As the case was conducted in the court below, it was virtually a contest between Kruegel and Murphy & Bolanz as to whether Kruegel was entitled to have an execution issued by virtue of his judgment against Murphy & Bolanz. Williams made no fight in the case. He had no interest either way and was indifferent as to its result. Murphy & Bolanz were the interested parties, and the burden of the fight properly fell on them, and after they made themselves parties to the suit Williams then became but a mere nominal party thereto.

In the case of Womack v. Stokes, 12 Tex. Civ. App. 648, 35 S. W. 82, where the clerk was a party to the suit and performed the duties of clerk in the cause, it was said by Mr. Justice Williams: "It is urged by defendant in error that Stokes was disqualified, as clerk, from taking the affidavit and bond for garnishment and from issuing the writ and swearing the garnishees to their answers and filing same, and that all of these proceedings should be treated as nullities and the judgment should be affirmed, or else reversed and the proceedings dismissed. We cannot agree to this. Stokes could take the affidavit for a garnishment for Bayne and Routen and issue the writ to them. He was disqualified from acting as far as he himself was concerned. The fact that all were joined in the proceeding made it irregular, but no good reason is seen why it should be treated as void, so far as the others were concerned. The defect was one which, in our opinion, could be waived by Bayne and Routen, and they effectually did so by answering and making no objection to the proceeding."

Kruegel made no request in the court below for the appointment of a clerk pro tem nor filed any objection to Williams acting as clerk, nor did he assign error on that ground or call the attention of this court to such irregularity, and our attention was not directed to this phase of the case until the presentation of the motion under consideration.

Under the facts and circumstances as here presented, we are of the opinion that said judgment is not void, and the motion to set aside the judgment is overruled.