KRUEGEL v. MURPHY et al.   (No. 6724.)

(Court of Civil Appeals of Texas. Dallas. June 13, 1914. Rehearing Denied July 4, 1914.)

1. CONSPIRACY (§ 1*) — CIVIL LIABILITY — CAUSE OF ACTION—ELEMENTS.

A conspiracy cannot be made the subject of a civil action, though damage results, unless something is done which, without the conspiracy, would give a right of action; the test being whether the act accomplished after the conspiracy has been formed is itself actionable.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 1–5; Dec. Dig. § 1.*]

2. COURTS (§ 480*)—JURISDICTION—JUDGMENT—INJUNCTION.

A district court other than that in which a judgment has been rendered has jurisdiction to enjoin its enforcement by execution.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1270–1278; Dec. Dig. § 480.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Suit by Herman Kruegel against J. P. Murphy and others. Judgment for defendants, and plaintiff appeals. Affirmed.

See, also, 126 S. W. 343.

Herman Kruegel, of Dallas, for appellant. Jeff Word and Cobb & Avery, all of Dallas, for appellees.

SMITH, Special Chief Justice. Appellant, Herman Kruegel, instituted this suit in the Sixty-Eighth district court of Dallas county, Tex., against appellees J. P. Murphy, Charles F. Bolanz, C. C. Cobb, J. M. Avery, J. W. Thompson, Jeff Word, H. W. Jones, Royal A. Ferris, E. B. Muse, J. Roll Johnson, Anson Rainey, John Bookhout, and J. M. Talbot, for

$20,000 actual and $20,000 exemplary damages.

Aside from the many redundant and vituperative allegations not pertinent to the case, the petition, in substance, alleges a conspiracy between the appellees to deprive appellant of certain rights in this: Appellant alleges: That he was the legal owner and holder of a valid and subsisting judgment rendered in his favor against appellees J. P. Murphy and Charles F. Bolanz, composing the firm of Murphy & Bolanz, in the Fourteenth district court of Dallas county, Tex., on March 17, 1894, for the sum of $1,318.60, with 6 per cent. interest per annum from said date, and costs, and that after the date of the rendition of said judgment he caused a number of executions to issue for the enforcement of the same; but the same were returned and never executed, and the judgment has never been satisfied. That the third execution was issued May 12, 1903, and placed in the hands of appellee J. Roll Johnson, who was sheriff of Dallas county, Tex., and certain personal property was pointed out to appellee Johnson as the property of Murphy & Bolanz, and said appellee Johnson was instructed to levy thereon; but appellee Johnson, having been informed that the property so pointed out was not the property of Murphy & Bolanz, declined to levy on the same, unless an indemity bond was furnished him. At the same time appellant pointed out to appellee Johnson a burial lot as property of appellee Charles F. Bolanz, and instructed him to levy on same. Appellee Johnson levied on this lot and advertised it for sale. After the levy on the burial lot of appellee Charles F. Bolanz by appellee J. Roll Johnson, sheriff, appellee Charles F. Bolanz, acting through his attorneys appellees C. C. Cobb and J. M. Avery, brought suit in the Forty-Fourth district court of Dallas county to enjoin appellant and appellee Johnson from selling said lot, and from levying this or any other execution in favor of appellant on any other property belonging to appellee Bolanz. This injunction was prayed for on the ground that, since the rendering of appellant's judgment, appellee Bolanz had been, by the District Court of the United States, Northern District of Texas, adjudged a bankrupt, and had been discharged from liability on appellant's judgment, and that appellant, since the rendition of the said judgment in the Fourteenth district court, had himself been adjudged, a bankrupt upon his own petition in the same bankruptcy court. After notice, and upon a hearing, the injunction as prayed for was granted, which injunction, it is alleged, is null and void, for the reason that appellant's judgment was a judgment rendered in the Fourteenth district court of Dallas county, and the Forty-Fourth district court of Dallas county was without jurisdiction to enjoin the same; that the judge of said court was disqualified in the

case, because he had been a creditor of Murphy & Bolanz when they were discharged in bankruptcy, and for other reasons; that thereafter, in pursuance of said injunction, which was alleged to be invalid, appellee Johnson returned the execution, indorsing it, "enjoined", having made no further effort to levy the same, and in like manner returned the fourth and fifth executions placed in his hands, without making a levy of them, though appellees J. P. Murphy and Charles F. Bolanz owned property on which the same could have been levied, and the amount of the judgment made. After the issuance of the fifth execution on the judgment claimed by appellant that had been rendered in the Fourteenth district court, upon application of appellee Bolanz, through his attorneys, petitioned the Forty-Fourth district court to extend the injunction that had been granted by that court so as to apply to appellee H. W. Jones, district clerk, and his successors in office, enjoining them from the further issuance, on behalf of appellant, of execution upon said judgment, which, upon hearing, was granted, and thereafter, upon application by appellant to appellee Jones for the issuance of a sixth execution on his judgment against appellees Murphy & Bolanz, appellee Jones, as district clerk, because of the injunction against him, which was alleged to be void, for the reason that the Forty-Fourth district court was without jurisdiction to grant same, refused to issue the sixth execution, whereupon appellant instituted suit against appellee H. W. Jones, as district clerk, appellee Royal A. Ferris, as bondsman, and appellees J. P. Murphy and Charles F. Bolanz, for damages in the sum of $5,000 actual and $5,000 exemplary for the refusal of appellee Jones to issue said sixth execution. On the trial of said suit before E. B. Muse, district judge Forty-Fourth district, the defendants were represented by appellees J. W. Thompson and Jeff Word, attorneys at law, and through their wrongful contentions a judgment was rendered for the defendants. The case was carried on error to the Court of Civil Appeals for the Fifth District, where the judgment was affirmed by the appellees Anson Rainey, Chief Justice of that court, and appellees John Bookhout and J. M. Talbot, Associate Justices. All of said proceedings are alleged to have been had in pursuance of a common conspiracy between all the appellees to deprive appellant from collecting the judgment he held against Murphy & Bolanz; the wrongful acts alleged against the appellees being that this purpose was accomplished by means of an injunction rendered by a court without jurisdiction, and was void, and that appellees all knew the same to be void. Attached to appellant's petition is a copy of the judgment claimed by him against Murphy & Bolanz, and a copy of the decree of injunction enjoining the issuance and levy of execution for appellant on said judgment.

Among other defenses presented by appellees was a general demurrer and a general denial. Appellant filed a first supplemental petition in the case, and after exceptions reiterated the facts in his amended petition. Appellees' general demurrer to appellant's petition was presented to the court and sustained, whereupon appellant filed his second supplemental petition, which was by the court, on motion, stricken out, on the ground that the same was slanderous and scurrilous, and, appellant declining to further amend, the suit was dismissed, and the cause was brought to this court by appellant for review.

Appellant's first five assignments of error complain of the failure of the trial court to pass on certain exceptions of appellant to certain defenses pleaded by appellees. In view of the fact that the case was disposed of by the general demurrer to appellant's petition being sustained, it is unnecessary to notice the action of the trial court in this respect.

In the sixth assignment of error complaint is made of the action of the trial court in sustaining appellees' general demurrer to appellant's first amended original petition.

The gist of appellant's cause of action is a malicious conspiracy between appellees to procure, uphold, respect, and observe the injunction granted by the Forty-Fourth district court enjoining the issuance of appellant and the levy for appellant of an execution on the money judgment rendered in appellant's favor in the Fourteenth district court against Murphy & Bolanz, which injunction decree is alleged to be invalid and void for lack of jurisdiction in the court entering it, and thereby damaging appellant by depriving him of the fruits of such judgment.

[1] "A conspiracy cannot be made the subject of a civil action, although damages result, unless something is done which, without the conspiracy, would give a right of action. In other words, an act which, if done by one alone, constitutes no ground of action cannot be made the ground of such action by alleging it to have been done by and through a conspiracy of several; that the true test as to whether such action will lie is whether or not the act accomplished after the conspiracy has been formed is itself actionable." Delz v. Winfree, 80 Tex. 404, 16 S. W. 111, 26 Am. St. Rep. 755; Railway v. Greenwood, 2 Tex. Civ. App. 76, 21 S. W. 559.

[2] It is strenuously insisted by appellant that the Forty-Fourth district court was without jurisdiction to render the injunction decree, and that the same is invalid and void. This contention as to this decree has been made many times in the courts, and the reasons on which the contention is based have been many times considered, and it has been uniformly held that the court had jurisdiction to enter the decree, and that such decree is a valid and binding final judgment; and we are of opinion that such holdings are well

supported by reason and fortified by authority, and that this question is settled. Kruegel v. Rawlins (Civ. App.) 121 S. W. 216; Kruegel v. Jones (Civ. App.) 121 S. W. 218; Kruegel v. Rawlins, 103 Tex. 86, 124 S. W. 419; Kruegel v. Murphy & Bolanz (Civ. App.) 126 S. W. 680; Kruegel v. Rawlins (Civ. App.) 148 S. W. 343.

It follows that the petition states no cause of action, and that there was no error in sustaining the general demurrer.

The matters complained of in the seventh and eighth assignments of error were matters addressed to the sound discretion of the trial court, and no abuse of that discretion is disclosed by the record in this case, and the contentions in reference thereto are denied.

Complaint is made in the ninth assignment of error of the action of the trial court in striking from the files appellant's second supplemental petition on the ground that the same was slanderous and scurrilous. We think there was no error in the action of the trial court.

The other assignments presented in appellant's brief are without merit.

The judgment of the trial court is affirmed.