KRUEGEL v. MURPHY & BOLANZ et al.
(No. 7466.)

(Court of Civil Appeals of Texas. Dallas. June 5, 1915. Rehearing Denied June 26, 1915.)

BANKRUPTCY ⬢⟷421—DISCHARGE—EFFECT ON JUDGMENT.

Where, after being cast in judgment, defendants voluntarily declared themselves bankrupt, and were thereafter discharged from liability for all debts existing on a date four years subsequent to the judgment, such discharge satisfied plaintiff's judgment, and ended all his rights thereunder as against the judgment debtors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 772–774, 776, 777, 779–781, 783–786, 788–790; Dec. Dig. ⬢⟷421.]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Herman Kruegel against Murphy & Bolanz and others. Judgment for plaintiff, and, from judgment refusing to sustain a motion to adjudge the district clerk of the county in contempt for refusing to is-

---

sue pluries execution upon the judgment, plaintiff appeals. Affirmed.

See, also, 168 S. W. 983; 157 S. W. 1182.

Herman Kruegel, of Dallas, pro se.

RASBURY, J. This is an appeal from the judgment of the district judge refusing to sustain a motion to adjudge the district clerk of Dallas county in contempt of court for refusing to issue pluries execution upon the judgment in the cause in which it was filed.

The evidence and sworn pleading disclose the following undisputed and material facts: On March 17, 1894, in the case of Herman Kruegel v. Murphy & Bolanz, pending in said Fourteenth district court of Dallas county, judgment was rendered in favor of Kruegel and against J. P. Murphy and Charles F. Bolanz for $1,318.60. The judgment provided that it should bear interest at 6 per cent. per annum from rendition, that Kruegel should recover all costs, and that execution should issue for its enforcement. Subsequent to the rendition of the judgment, J. P. Murphy and Charles F. Bolanz voluntarily declared themselves bankrupts, and in their petition scheduled the judgment in favor of Kruegel, among other debts, as one from which they desired to be released. Kruegel was notified and appeared in the bankrupt court and contested the proceeding. On June 8, 1899, both Murphy and Bolanz were by the United States District Court discharged from liability for all debts existing on September 8, 1898, which included Kruegel's judgment rendered March 17, 1894. In 1900, Kruegel was also adjudged a voluntary bankrupt, and was subsequently discharged of his debts; one May being appointed trustee in the proceeding. Subsequent to the discharge in bankruptcy of J. P. Murphy and Charles F. Bolanz, Kruegel, in an attempt to collect the judgment rendered in his favor, procured an execution to be issued upon said judgment and caused same to be levied upon a lot of land. Thereupon Charles F. Bolanz filed suit in the Fourteenth district court to enjoin the collection of said judgment on the ground that the judgment debtors, J. P. Murphy and Charles F. Bolanz, had been discharged and released of all liability on said judgment after its rendition by the bankruptcy court. The case was by order made and entered in the minutes of the Fourteenth district court transferred to the Forty-Fourth district court for trial. That court, on March 26, 1904, and after trial, rendered judgment enjoining Kruegel, the district clerk, his deputies and successors, from issuing execution upon the judgment and enjoining the sheriff of Dallas county, his deputies and successors, from levying any execution issued upon said judgment. Upon the judgment rendered for Kruegel in the original case, execution was last issued on May 11, 1908. On November 27, 1914, Kruegel requested the district clerk, H. H. Williams, to issue another and the seventh execution, which he refused to do. Whereupon this proceeding originated by motion to adjudge Williams in contempt and which, as stated, the district judge, Hon. Kenneth Foree, declined to do.

The first issue presented in appellant's brief is the validity of the judgment of the Forty-Fourth district court enjoining Kruegel and the officers of court from issuing or levying an execution upon the original judgment rendered in the Fourteenth district court. The appellant, in a number of proceedings arising in various ways, has repeatedly challenged the validity of that decree on the ground that one district court has no control over the judgments rendered in another district court, and that as a consequence the order enjoining the parties named from issuing and levying the execution was void. Without conceding that the action of the court is as broad as the legal proposition asserted, it is sufficient to say that the identical question upon facts similar to those disclosed in the instant case has been in a number of cases decided adversely to appellant, and we think a reference to those cases a sufficient disposition of the issue. Kruegel v. Rawlins, 121 S. W. 216; Kruegel v. Jones, 121 S. W. 218; Kruegel v. Rawlins, 103 Tex. 86, 124 S. W. 419.

Further, it has been twice decided by this court that the voluntary bankruptcy proceedings by Murphy and Bolanz, also shown in this proceeding, wherein they scheduled Kruegel's judgment debt and were released and discharged therefrom by the bankrupt court, satisfied the judgment, and that Kruegel as a consequence had no legal right to have process issued for its enforcement. Kruegel v. Murphy & Bolanz, 126 S. W. 680; Kruegel v. Rawlins et al., 148 S. W. 343.

Independently of all other matters, the discharge in bankruptcy satisfies appellant's judgment and ends all appellant's rights thereunder as against the judgment debtors and all attempts to enforce the judgment are useless.

Many other collateral issues are presented in the brief, which announce sound propositions of law, but they are without force or application in view of our holding on the issues discussed, which control all others.

The judgment is affirmed.