KRUEGEL v. WILLIAMS et al.    (No. 970.)

(Court of Civil Appeals of Texas.    Amarillo.
April 19, 1916.    Rehearing Denied
May 10, 1916.)

Appeal from District Court, Dallas County;
J. C. Roberts, Judge.

Action by Herman Kruegel against W. H. Williams and another.    From a judgment for defendants, plaintiff appeals.    Affirmed.

Herman Kruegel, of Dallas, pro se.    J. M.
Avery, of Dallas, for appellees.

HALL, J.    Appellant sued H. H. Williams,
as district clerk of Dallas county, together with
the sureties on his official bond, for actual and
exemplary damages, because of the refusal of
Williams to issue an execution upon a judgment
rendered in favor of appellant against Murphy
& Bolanz, March 7, 1894.    A review of the record
shows that the same issues, based upon the
same facts, have heretofore been decided adversely
to appellant in the cases cited below, where
full statements of all the matters presented in
this appeal are set out.    For the reasons announced
in the cases cited, the judgment herein
is affirmed.   Kruegel v. Bolanz, 103 S. W. 435;
Kruegel v. Jones, 121 S. W. 218; Kruegel v.
Rawlins, 121 S. W. 216; Kruegel v. Murphy &
Bolanz, 59 Tex. Civ. App. 482, 126 S. W. 680;
Kruegel v. Jones, 136 S. W. 835; Kruegel v.
Jones, 143 S. W. 989; Kruegel v. Rawlins, 148
S. W. 343; Kruegel v. Murphy & Bolanz, 157
S. W. 1182; Kruegel v. Williams, 153 S. W.
903; Kruegel v. Murphy, 168 S. W. 983.

─────────────

NATIONAL EQUITABLE SOCIETY OF
BELTON v. ARNOLD.    (No. 1617.)

(Court of Civil Appeals of Texas.    Texarkana.
April 24, 1916.    Rehearing Denied
May 4, 1916.)

Appeal from Hunt County Court; H. O. Norwood, Judge.

Action by J. Sid Arnold against the National
Equitable Society of Belton.    Judgment for the
plaintiff, and defendant appeals.    Reversed, and
judgment rendered for defendant.

D. R. Pendleton, of Belton, and Neyland &
Neyland, of Greenville, for appellant.    A. J.
Gates and Clark & Leddy, all of Greenville, for
appellee.

HODGES, J.    The appellee sued the appellant
to set aside and annul a written application
made by him to purchase a $2,000 contract or
certificate issued by the appellant, on the ground
that the agent who procured the application
made false and fraudulent representations to
induce the appellee to execute the same.    The
appellee alleged that he was desirous of securing
an immediate loan upon real estate owned by
him in the city of Greenville; that the appellant's agent represented to him that, if he would
purchase a contract or certificate issued by the
appellant, and pay $220 in cash, the appellant
company would issue to him a certificate by
the terms of which it would agree to make him a
loan of $2,000 at 5 per cent. interest upon acceptable security.    He further alleged that he
was not familiar with the terms and conditions
of the written contract to be issued by the appellant, nor with the rules and regulations controlling the same; that, relying upon representations of the agent, he signed an application to
purchase one of these contracts, and that within
a few days thereafter the contract was sent
to him by the agent, and he was notified to indicate his acceptance thereof by signing and
returning a duplicate to the company; that the
contract sent him did not provide for an immediate loan, but merely provided that a loan
would be made when the accumulations in the
company's reserve fund were sufficient; that he
refused to execute the written contract, and so
notified the appellant, demanding that the loan
be made in accordance with the representations
of its agent.    It is further alleged that the appellant requested him to make application for
the loan, sent blanks for that purpose, and thus
led him to believe that the loan would be made
as represented by the agent, and that he continued to negotiate with the appellant for some
time thereafter in an effort to secure the loan,
but that it finally failed and refused to make
the loan; that thereupon the appellee demanded
the return of his money, which was refused.
This suit followed as the result.

Appellant in its answer denied that its agent
procured the execution of the application to
purchase the contract by any false or fraudulent
representations.    It alleged that, if the agent
did make such representations, he was not authorized to do so, his authority extending only
to selling the contracts and taking applications
therefor; that the application signed by the appellee contained notice of the limitation thus
placed upon the agent's power to bind the company by any representations whatever other
than those contained in the instrument itself.
There were some supplemental pleadings, which
are unnecessary to mention.

The case was tried by the court without a
jury, and a judgment rendered in favor of the
appellee for $220, the full amount sued for.
The contention on this appeal is that the evidence did not warrant that judgment.    This is
one of four appeals prosecuted by the appellant
in this court involving practically the same issues.    See National Equitable Society of Belton
v. Carpenter, 184 S. W. 585; National
Equitable Soc. of Belton v. Camp, 184 S. W.
589; National Equitable Soc. of Belton v.
Dunnington, 184 S. W. 590—none of which have
yet been officially published.

From the case made by the pleadings of the
appellee the inference to be drawn is that he
had by false and fraudulent representations
been induced to apply for a contract which he
had not then seen; that he had been assured
that by the terms of this contract he could secure
an immediate loan of the sum desired; that
when the contract was presented in response to
his application he repudiated and refused to accept it.    The facts do not sustain those allegations.    According to the testimony of the appellee himself, his application was made on
March 4, 1913, and in a few days thereafter
he received the document applied for, which is
called a "contract" or "certificate."    Instead
of returning that instrument, he retained it and
insisted upon the promised loan.    It was more
than a year after he discovered the true character
of the contract before he repudiated it and
demanded a return of his money.    The case, we
think, falls within the rule heretofore announced
in the cases above referred to.

The judgment, for the reasons stated in National
Equitable Society of Belton v. Dunnington, supra, will be reversed, and judgment will
be here rendered for the appellant.