## O. S. DAVIS V. B. F. TERRY.

1. An application for a new trial, made at a term subsequent to that at which judgment was rendered, is in the nature of a bill in equity, and is not governed by the statutory provisions relating to new trials.

2. When judgment has been rendered against a defendant, and at a subsequent term he applies for a new trial, alleging a meritorious defense, and showing that he was debarred from establishing it by reason of accident, fraud, mistake, or other circumstance not imputable to his own fault or neglect, the application should be granted, even though only a *prima facie* case of injustice is made apparent in the application.

3. The assurance of the district judge, to a defendant in a civil suit, that no civil business would be transacted at that term, warranted the defendant in believing that no action would be taken in his cause, and excused his neglect of his defense at that term; and this, in connection with a *prima facie* showing of a good defense, entitled him at the next term to have a new trial of the cause, which, notwithstanding the judge's assurance, had been adjudged against him by default at the first term. But, had the assurance been made by any one other than the judge of the court, it would not have availed the applicant.

APPEAL from Hopkins. Tried below before the Hon. H. P. Mabry.

The facts are sufficiently stated in the opinion of the court.

No briefs for either side.

LINDSAY, J.—In applications for new trials at a term of the court subsequent to the trial term at which a judgment is obtained, the proceeding is in the nature of an original suit in equity. Whatever, therefore, would be the subject of equitable cognizance in any case, would be of like cognizance in a suit for a new trial. The party complaining is not, consequently, confined by the rules of the statute in reference to the granting of new trials. The principles of equity must prevail in such applications. If there be accident, fraud or mistake, or any other circumstances, not

attributable to his own fault or neglect, nor within his control, by which he was virtually denied a defense of the cause, which seemed meritorious, it is certainly unjust to refuse the application; when such equitable excuse is rendered; and a re-opening of the case ought to be made to let in the defense, and give the party an opportunity to be heard, if even only a *prima facie* case of injustice is made apparent.

In this case the petition for a new trial alleged that the petitioner was duly cited to appear and answer; that he attended the court at the appearance term, and was then informed by the presiding judge of the court that no civil business would be attended to at that term; that he therefore failed to answer at that term, and did not learn until after the adjournment of the court that judgment had been taken against him by default; that he had a just defense to the action; that the debt had been paid off and discharged before suit brought; and under oath he exhibited with his petition certain receipts of the plaintiff, which, unexplained, seemed to cover the entire amount of the note sued on. This petition of the applicant for a new trial was demurred to, and the demurrer was sustained by the court; from which ruling this appeal was taken. Upon the facts plead this ruling of the court was erroneous. The statement of the judge of the court, who had absolute control of the business of the term, was a sufficient excuse to the litigant to justify him in the conclusion that no steps would be taken in the cause to which he was a party, at that term, and that he might safely rely upon time until the next term, in which he might possibly the better prepare his defense. Such an assurance from any other source would have been insufficient. But the judge of the court could speak authoritatively in the premises, and would naturally mislead and throw off of their guard all litigants, if the declaration was not adhered to. This party therefore had equitable ground for relief, and his application for a new trial ought to have been granted.

The judgment of the court is therefore reversed, and the cause remanded with directions to set aside the judgment in the original action, and permit the appellant to file his answer and make his defense.

Reversed and remanded.