JOHN H. LEWIS v. J. B. HUTCHISON.

(No. 6463.)

APPEAL from Parker County.   Opinion by WILLSON, J.

HOOD, LANHAM & STEPHENS, counsel for appellant.

No counsel appeared for appellee.

§ **79.** *Clerk of court; if a party to suit cannot issue process, etc.* Appellee, Hutchison, sued appellant, Lewis, and Thomas A. Wythe in the county court of Parker county upon a promissory note. At the time of the institution and during the pendency and trial of the suit said Wythe was the clerk of said court, and as such filed the petition, issued citation, etc. Lewis moved to quash the citation served upon him because Wythe was disqualified to issue the same. This motion was overruled, and judgment was rendered in favor of appellee against

appellant and Wythe for the amount sued for and costs. Wythe does not appeal. It is provided by statute that "in all cases wherein any district or county clerk in this state is, or shall hereafter be, a party to any pending or proposed suit, motion or proceeding in their respective courts, the district or county judge in whose court the same may be pending or proposed shall, either in term time or in vacation, upon application of any person interested or of his own motion, appoint a clerk *pro tem.* for the pupose of such suit, motion or proceeding." [Gen. Laws, 20th Leg., Reg. Sess., p. 102, ch. 109, § 1.] This provision of the statute seems to us to be mandatory, and we must hold that the proceedings in this case in the county court are void because said clerk was disqualified to perform the duties of such clerk in said cause. As to the filing of the petition in the cause, it is within the power of the trial court to have it filed *nunc pro tunc* by a clerk qualified to act in the case. There is in the record an agreement in writing which was filed in the cause in the trial court. This agreement is signed by E. A. Hutherson, attorney for plaintiff, and by Thomas A. Wythe, one of the defendants, and dispenses with the appointment of a clerk *pro tem.* in the cause, and consents that said Wythe should issue all processes, etc., in the cause, and stipulates that defendants would not take any advantage of plaintiff in this particular. This agreement, however, was not signed by appellant, Lewis, and it is not made to appear that he is in any way bound by it.

April 19, 1890.                    Reversed and remanded.