A. J. WOMACK V. J. K. P. STOKES ET AL.

No. 807.

1. **Disqualification of District Clerk.**—Article 1116b, 1 Sayles' Annotated Statutes, renders a district or county clerk disqualified to act in a cause to which he may be a party, and being so disqualified, he could not certify the transcript of the record in the case, nor file and approve the appeal bond.

2. **Same—Practice in Appellate Court.**—If the disqualification relate only to the certificate, the order would be to strike the case from the docket, but if it extends to the authority of the clerk to approve and file the appeal bond, the appeal will be dismissed.

APPEAL from Trinity.   Tried below before Hon. J. M. SMITH.

*H. L. Robb*, for appellant.

No brief for appellees reached the Reporter.

GARRETT, CHIEF JUSTICE.—The appellees, Thomas H. Bayne, T. J. Routen, and R. F. Stokes, have moved to dismiss the appeal in this case, because the transcript was prepared and certified to by J. K. P. Stokes, who was the clerk of the District Court of Trinity County, from whose judgment the appeal is taken, and is also one of the appellees.   This motion is supported by an affidavit as to the truth of the facts stated in the motion.   An inspection of the transcript shows that the judgment of the court below was rendered in favor of said Stokes and the other appellees, and that the appeal bond is made payable to him and them.

The interest of the appellee J. K. P. Stokes is not identical with the interests of the other appellees, but the judgment operates in favor of all.   He is clearly a party to the appeal.

The statute provides, that "in all cases wherein any district or county clerk in this State is, or shall hereafter be, a party to any pending or proposed suit, motion, or proceeding in their respective courts, the district or county judge in whose court the same may be pending or proposed shall, either in term time or in vacation, on application of any party interested, or of his own motion, appoint a clerk pro tem for the purpose of such suit, motion, or proceeding."   Also, that "the person so appointed shall perform all the duties required by law of the clerk in the particular suit, motion, or proceeding in which he may be appointed."   1 Sayles' Ann. Stats., art. 1116b.   This statute renders the district or county clerk disqualified to act in a cause to which he may be a party.   Lewis v. Hutchinson, 4 Will., 79.   Being disqualified to act, the clerk could not properly certify the transcript of the record which has been filed here.   Nor could he file and approve the appeal bond.   If the disqualification related only to the certificate, the order would be to strike the case from the docket, but as it ex-

tended also to the authority of the clerk to approve and file the appeal bond, the appeal will be dismissed.

*Dismissed.*

Delivered February 28, 1895.