### KRUEGEL v. JONES et al.†

(Court of Civil Appeals of Texas. Dallas. Jan. 27, 1912. Rehearing Denied Feb. 17, 1912.)

1. CLERKS OF COURTS (§ 74*)—EXECUTION—REFUSAL TO ISSUE—BONDS.

A clerk of court was not liable on his official bond for refusal to issue an execution on a judgment where he had been enjoined from so doing.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 127–134; Dec. Dig. § 74.*]

2. EXECUTION (§ 172*)—RESTRAINING ISSUANCE—EFFECT—RES JUDICATA.

A decree enjoining a district court clerk from issuing execution on the judgment was res judicata of the plaintiff's right to an execution and a bar to his action against the clerk for refusal to issue it.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 172.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Herman Kruegel against H. W. Jones and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Herman Kruegel, for appellant. Thompson & Word and Cobb & Avery, for appellees.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Application for writ of error dismissed by Supreme Court.

BOOKHOUT, J. This suit was brought by appellant Kruegel as plaintiff against defendants Jones, as principal, and Ferris, as surety on Jones' official bond as district clerk, because Jones as such clerk refused to issue for him, on April 23, 1904, the sixth execution on a judgment rendered in the Fourteenth judicial district court on March 17, 1894, in favor of plaintiff against J. P. Murphy and Chas. F. Bolanz for $1,318.60. Defendants answered by general and special exceptions, general denial, and special denial. In their special answer, defendants pleaded:

(1) That by the judgment of the Forty-Fourth district court rendered on March 26, 1904, in the case of Chas. F. Bolanz v. Herman Kruegel et al., No. 22,468, said Jones was restrained and enjoined from issuing after March 26, 1904, for said Kruegel, any execution on said judgment rendered in favor of Kruegel v. Murphy and Bolanz in the Fourteenth district court on March 17, 1894, in said case No. 12,634, Herman Kruegel v. Murphy & Bolanz, which said judgment of the Forty-Fourth district court was in full force and effect.

(2) That in suits in the Forty-Fourth district court, styled and numbered as follows: Herman Kruegel v. H. W. Jones et al., No. 277; Herman Kruegel v. A. B. Rawlins et al., No. 507; and Herman Kruegel v. A. B. Rawlins et al., No. 541—in which plaintiff was suing on substantially the same cause of action as herein, and for the same matters and things as sued for herein by him, the said court did, on June 3, 1907, adjudge and decree that plaintiff Kruegel was not entitled to any recovery against defendants therein; that plaintiff appealed said cases to this court, where they were affirmed and writs of error were refused by the Supreme Court; and that by reason of all which, plaintiff was estopped herein, and said judgments were all res adjudicata.

(3) That, theretofore, plaintiff did file and institute in the Fourteenth district court against the district clerk of Dallas county his proceedings asking that said Fourteenth district court would order, decree, compel, and mandamus said clerk to issue execution for him on said judgment rendered in his favor by said court on March 17, 1894, against Murphy & Bolanz; that in each and all of said proceedings said Fourteenth district court, by its judgments rendered on April 11, 1904, October 2, 1905, May 12, 1908, and October 10, 1908, did adjudge and decree that plaintiff was not entitled to have any execution issued for him by said clerk, which said judgments of said Fourteenth district court in said mandamus proceedings were in full force and effect.

(4) That said Fourteenth district court, in that certain cause and proceeding in said court, styled and numbered as follows, Her-

man Kruegel v. Murphy & Bolanz, No. 12,634, on January 23, 1909, and January 30, 1909, did refuse the relief in said proceedings prayed for by plaintiff to compel said clerk to issue for him an execution on said judgment of March 17, 1894, and did also decree that said Murphy and Bolanz and J. P. Murphy and Chas. F. Bolanz, by their discharge in bankruptcy granted them by the District Court of the United States in the year 1898, were relieved and discharged of any liability on said judgment of March 17, 1894, and said judgment was canceled and discharged against them.

Defendants pleaded that Murphy and Bolanz and J. P. Murphy and Chas. F. Bolanz were parties to all of said proceedings, and defendants plead all of said judgments in estoppel in bar and res adjudicata.

A trial resulted in a verdict and judgment for defendants, and plaintiff has appealed.

[1] The clerk of the district court of Dallas county having been permanently enjoined from issuing an execution on the judgment in cause No. 12,634 for $1,318.60, rendered on the 17th day of March, 1894, in favor of Herman Kruegel v. Murphy & Bolanz, he was not liable in damages for failing to issue execution thereon. One of the grounds for the issuing the injunction was that Kruegel was not the owner of the judgment upon which he was seeking to have execution issue.

[2] The judgment granting the injunction in that court is still in full force and effect, and was pleaded as an estoppel in this case. That judgment was res adjudicata as to the matters here involved. As bearing on the questions here involved, see Kruegel v. Rawlins, 121 S. W. 216; Kruegel v. Jones, 121 S. W. 218; Kruegel v. Murphy, 126 S. W. 680.

It follows that the judgment of the trial court must be affirmed.