### KRUEGEL v. WILLIAMS et al.

(Court of Civil Appeals of Texas. Dallas. Feb. 1, 1913. On Motion for Rehearing, Feb. 22, 1913.)

1. CONTEMPT (§ 10*)—EXECUTION — REFUSAL TO ISSUE.

Where a judgment in terms directed the issuance of an execution for its collection, the failure and refusal of the clerk to issue an alias execution thereon, without a legal excuse, constituted a contempt.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 19–22; Dec. Dig. § 10.*

For other definitions, see Words and Phrases, vol. 2, pp. 1489–1492; vol. 8, p. 7614.]

2. CONTEMPT (§§ 28, 43*)—CLERKS OF COURT—REFUSAL TO ISSUE EXECUTION.

Where a clerk of the district court, in whose office a final judgment was filed, directing collection by execution, refused to issue an alias execution, without legal excuse, the owner of the judgment was entitled to proceed against the clerk as for contempt, under the rule that courts have power to enforce performance of their orders by contempt proceedings, though the owner of the judgment might also have proceeded by mandamus; the two remedies being concurrent and alternative.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 81–85, 125–127, 271; Dec. Dig. §§ 28, 43.*]

3. CONTEMPT (§ 61*)—REFUSAL TO ISSUE EXECUTION—PROCEDURE—DEMURRER.

Where complainant filed a petition against a clerk of the district court to punish him for contempt for refusing to issue an execution on a judgment in his office, and alleged that complainant was the owner of the judgment, the fact of complainant's ownership could not be determined on demurrer.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 188–194, 196; Dec. Dig. § 61.*]

On Motion for Rehearing.

4. CONTEMPT (§ 66*)—APPEAL — TRANSCRIPT — CERTIFICATION — PROCEEDING AGAINST CLERK PRO TEM.—APPOINTMENT.

Under Rev. Civ. St. 1911, art. 1687, providing that a clerk pro tem. should be appointed by the district court for the purposes of a suit, motion, or proceedings to which the regular clerk is a party defendant, the regular clerk was disqualified to act as clerk in a proceeding to punish him for contempt; and hence his certificate to the transcript on appeal was insufficient.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 213–215, 223–237; Dec. Dig. § 66.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Contempt proceedings by Herman Kruegel against H. H. Williams and others to punish defendant for refusal to issue an execution on a money judgment in favor of complainant against Murphy & Bolanz. From a judgment dismissing the proceedings, complainant appeals. Dismissed on rehearing.

Herman Kruegel, of Dallas, for appellant.

RAINEY, C. J. This is an appeal from a judgment rendered upon a motion filed by Herman Kruegel in the Fourteenth district court of Dallas county, Tex., praying that H. H. Williams, district clerk of said county, be held in contempt for failure to issue an execution on a money judgment rendered by said court in favor of said Kruegel, wherein said Kruegel was plaintiff and Murphy & Bolanz were defendants.

The motion alleged, in effect, that the judgment was valid and subsisting; that Kruegel was the owner thereof; that it had never been paid off and canceled; that six executions had been issued thereon; and that the sheriff had, by collusion with Murphy & Bolanz, corruptly returned said executions not satisfied, when the same could have been collected. It was further alleged that Williams had failed and refused to issue execution by virtue of said judgment. Williams answered by general and special demurrers, general denial, and, specially, various reasons why he should not be held in contempt. The exceptions to the motion were sustained, and, Kruegel failing to amend, judgment was rendered for Williams.

The general demurrer presents the proposition that, admitting all that is stated in the petition is true, no cause of action is presented; in other words, that Kruegel shows no right to invoke the powers of the court in this manner.

[1] The motion states that plaintiff is the owner of a valid, subsisting judgment for the payment of money due by Murphy & Bolanz; that Williams is the clerk, and has failed and refused to issue execution thereon. If these allegations are true, and they are admitted for the purpose of the demurrers, then Williams has been guilty of contempt in disobeying an order of the court, the judgment directly commanding the issuance of execution, and it was the duty of Williams to obey that order, it being one of the duties of his office under the law, and Kruegel had the right to demand the issuance thereof. Williams had no right to refuse to issue, without some legal excuse.

[2] It is well-settled principle of law that

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes.

courts have the power to enforce the performance of its orders and decrees through the officers of the court. A final judgment that adjudges the payment of money and execution therefor is of as great dignity, and demands as much respect by the officer whose duty it is to issue the execution, as any other decree. It is also the right of a party who is interested in a judgment to invoke the powers of the court by contempt proceedings for punishment of an officer who has refused to perform his duty in issuing process to carry out the court's decree. Therefore, if Williams was not performing his duty, and we can look only to the allegations of the motion in passing upon the demurrers, Kruegel, being interested in the judgment, had the right to move in the manner he did. 9 Cyc. 35. It is true Kruegel had the remedy of mandamus to enforce the clerk to act; but having such a remedy did not bar him from instituting contempt proceedings. The result of a contempt proceeding has not directly the office of enforcing a decree, but to punish an offender for violation of duty, and warning him that the decrees of courts are not to be lightly regarded.

[3] Appellee has not favored us with a brief on the law in support of the court's holding, and we can only conjecture the theory upon which it ruled. The appellee answered below, and possibly the court acted on the theory that the court had so often considered and adjudged some of the defenses pleaded that it could take judicial knowledge thereof; but we think this view ought not to be sustained. The answer set up the rendition of a judgment in the Forty-Fourth district court, enjoining the officers from enforcing the judgment of Kruegel v. Murphy & Bolanz, the one by virtue of which an execution is sought in this case. That judgment of injunction has been sustained by this court and the Supreme Court, on the ground that Kruegel was not the owner thereof, as shown on its face, and was not subject to collateral attack. Kruegel, in the motion, claims to be now the owner of said judgment against Murphy & Bolanz, and if he has since acquired the right to enforce said judgment he ought to be permitted to do so. This depends upon the evidence, and a demurrer will not reach it.

In said answer it is further pleaded that since the rendition of said judgment in his favor against Murphy & Bolanz they had been adjudged bankrupts, and duly discharged from liability thereon by the United States court, and that Kruegel had also been adjudged a bankrupt by said United States court, and one May appointed and duly qualified as his trustee, etc., and also charging many other suits brought by Kruegel involving said Murphy & Bolanz judgment, in which the matter had been adjudicated. None of the matters in the answer were in evidence, and the court should not, if it did, have taken judicial knowledge thereof. It may be, upon proof of the allegations in the answer, the court should not hold appellee in contempt.

The judgment is reversed, and cause remanded for trial.

### On Motion for Rehearing.

[4] There was no brief filed in this court by appellee. Our attention, for the first time, has been called by motion for rehearing to the fact that the certificate to the transcript was made by appellee, who was and is the clerk of the district court from which this appeal was taken. There was no clerk pro tem. appointed to act in the case, and all the papers filed in the matter were filed by appellee, who is the only party defendant. In a proceeding where the clerk of the district court is a party to a cause, it is provided by the Statutes (article 1687, R. S. 1911 [article 1080, R. S. 1895]) that a clerk pro tem. shall be appointed by the district judge "for the purposes of such suit, motion or proceedings." This statute disqualified the appellee from acting in this case; therefore there is nothing before us which we can properly consider on appeal, and the motion for rehearing will be granted, and the cause dismissed. Womack v. Stokes, 9 Tex. Civ. App. 592, 29 S. W. 1113; Lewis v. Hutchinson, 4 Willson, Civ. Cas. Ct. App. § 79, 16 S. W. 654.

Motion for rehearing granted.