**BOX v. PIERCE et al.  (No. 9419.)**

(Court of Civil Appeals of Texas. Dallas. Nov. 7, 1925. Rehearing Denied Nov. 28, 1925.)

**1. New trial ⟨key⟩117(1) — Court of Civil Appeals cannot consider merits of motion for new trial made more than 30 days after judgment.**

Under Rev. St. 1925, art. 2092, §§ 29, 30, governing practice and procedure in district courts of Dallas county, Court of Civil Appeals cannot consider merits of motion for new trial, made more than 30 days after entry of judgment or overruling motion for new trial, judgment having become final before filing of motion; and only way to set judgment aside is by bill of review.

**2. Judgment ⟨key⟩335(3)—Pleading styled motion for new trial, containing essential elements of bill of review, will be regarded as such if motion for new trial could not have been filed.**

Where pleading praying for new trial is styled motion for new trial, nevertheless, if no motion for new trial could have been filed at that time, and pleading contains all essential elements of bill of review, Court of Appeals will regard it as such.

**3. Judgment ⟨key⟩335(3)—Motion for new trial held insufficient as bill of review, because not stating valid defense.**

Motion for new trial to set aside judgment, which failed to state valid defense, *held* insufficient as bill of review.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by Phil H. Pierce and another against W. F. Box, wherein the Phil H. Pierce Company intervened. Judgment against defendant was entered on verified motion of plaintiffs in accordance with judgment previously entered on agreement, and defendant filed an original motion for a new trial, alleging error of the court in entering judgment. From an order denying relief, defendant appeals. Judgment affirmed.

Pierson & Pierson, of Dallas, for appellant.

J. L. Zumwalt, of Dallas, for appellees.

JONES, C. J. On November 17, 1922, Phil H. Pierce and A. F. Cowand, appellees, filed a suit in the district court of Dallas county, Tex., to recover on certain outstanding promissory notes executed by appellant in favor of said appellees, alleging that said notes were executed on the 4th day of April, 1922, and each being for the principal sum of $100, except one for the principal sum of $150; said notes matured one per month, beginning the 5th day of April, 1922; each of said notes contained the usual attorney fee clause, and each stipulated that the failure to pay one at the due date would, at the option of the holder, mature all. It was also alleged that the first four of said series of notes had been paid according to their terms, but that default had been made in the three succeeding notes, at the time appellees exercised their option to declare all of said notes due. It was further alleged that these notes were secured by a mortgage on a certain musical instrument known as a "Wurlitzer," case No. 23368, then in the possession of appellant and located in Limestone county, where appellant was alleged to reside. It was further alleged that the amount of principal on said notes then due was $2,050, interest $101.58 and attorney's fees of $215.15 additional. Foreclosure was sought on the said mortgage lien. The Phil H. Pierce Company, also an appellee,

was permitted to intervene and become a party to the suit. The nature of this intervention it is not necessary to state.

Appellant answered this suit by general demurrer, general denial, and by special plea and cross-action against appellees because of fraud and misrepresentation practiced upon him in the sale of the said musical instrument. The allegations were sufficient to raise such issue. The trial of the case was begun in the district court of Dallas county before a jury on the 15th day of November, 1923, but, before such trial had been prosecuted to termination, the parties agreed upon a settlement which contemplated an approval by the court and a judgment thereon. On said date a judgment in accordance with said agreement was entered. The judgment decreed that:

"The defendant, W. F. Box, shall be and remain liable to the intervener, the Phil H. Pierce Company, a corporation, for the payment of 15 of the notes sued upon by the plaintiffs and intervener herein, and that said notes shall remain in full force and effect and be secured by a chattel mortgage lien upon the personal property described in the plaintiffs' and intervener's petitions, with the exception of said notes shall bear interest from and after this date at the rate of 8 per cent. per annum, and that upon a failure to pay any of said notes as they became due and payable each and every month on the 4th day of each month, beginning January 4, 1924, and the defendant having this day paid to the intervener one of said notes, and that upon the failure to make the payment of any note, together with interest thereon, judgment shall be rendered for the full amount of all notes unpaid with interest thereon, and that foreclosure be also entered upon the personal property described in the plaintiffs' and intervener's petitions securing said notes, and it is further decreed by the court that each and all of said notes above mentioned are hereby declared to be valid and subsisting debts, and that no offsets, payments, or credits are due thereon, and that the chattel mortgage lien upon the personal property, the Wurlitzer organ, described in plaintiffs' and intervener's petitions, is declared to be a valid and subsisting chattel mortgage lien upon the same, and has been such ever since the execution thereof since April 4, 1922, and any foreclosure shall be as of date April 4, 1922.

"It is further ordered by the court that the defendant take nothing as against the plaintiffs and the intervener upon his cross-action and counterclaim herein.

"It is further ordered by the court that the plaintiffs and intervener shall pay one-half of the cost of court, and that the defendant shall pay the other one-half of the court costs."

Default having been made in the payment of the notes maturing January 4, February 4 and March 4, 1924, appellees filed a verified motion in this cause on March 18, 1924, alleging the said defaults on the part of appellant, declaring the entire indebtedness due, and praying for judgment in accordance with the judgment on the said agreement. On the same day, without notice to appellant of the filing of the motion, and without the introduction of testimony, judgment was entered against appellant for $1,400 as principal on the said 14 outstanding notes, and for interest from the date of the former judgment, together with the attorney's fees provided in said notes, and a foreclosure of the mortgage lien on said musical instrument.

On April 25, 1924, appellant filed an original motion for a new trial on said last judgment, and, on May 1, 1924, filed an amended motion for new trial. This amended motion, in effect, alleged error of the court in entering judgment in the following particulars: (1) Because neither notice of the motion nor that appellees demanded the judgment had been given to appellant or his attorney of record. (2) Because the effect of the first judgment entered was to provide for a cancellation of all existing notes and mortgage and the execution of 14 new notes, together with a new mortgage, and that appellees had refused to permit this to be done, but had taken judgment on 14 of the old $100 notes and had foreclosed the old mortgage; that appellant had performed that portion of the judgment that required the payment of $100 at the time said first judgment was taken, and had paid one-half of the court costs adjudged against him in said judgment, and had stood ready to perform the other duties resting on him in said judgment by the execution of 14 new notes for $100 each and the execution of the mortgage, and that he had failed to do so because appellees had retained the old notes and mortgage and had not permitted the execution of new ones. (3) That the judgment could not be entered on the verified motion, but it was necessary for the court to receive evidence substantiating the verified allegations of fact in the motion. (4) That the judgment of March 18, 1924, was not a final judgment because it did not dispose of appellant's cross-action. (5) Because the appellant had the said cause duly placed on the jury docket, and no jury was impaneled at the time this latter judgment was entered. (6) Because the description of the musical instrument given in the judgment of foreclosure is insufficient to identify same.

Appellant testified on the hearing of his motion to the fact that neither he nor his attorney had received notice of the filing of the motion or the entry of the judgment of March 18th; that he understood said former judgment to cancel the outstanding notes and mortgage and to require the issuance of new notes and a new mortgage; that he had tendered, and then tendered, the execution of said notes and mortgage and the performance of said judgment after said new notes and mortgage were issued and the old ones surrendered; and that he had not paid the past-due notes because, as he understood, such notes were canceled.

[1] Under our view of the case, we cannot

consider the merits of the motion for a new trial for the reason that, under the new practice act governing practice and procedure in district courts of Dallas county, the judgment entered the 18th of March, 1924, had become a final judgment before the filing of the original motion and the court could not enter- tain such motion; the only way to set aside said judgment being by bill of review. The said new practice act is article 2092, in the Revised Civil Statutes of Texas, 1925, and sections 29 and 30 of said article are appli- cable to this case and read as follows:

Section 29: "A motion for new trial where required shall be filed within ten days after the judgment is rendered or other order complained of is entered, and may be amended by leave of the court at any time before it is acted on with- in twenty days after it is filed."

Section 30: "Judgments of such civil district courts shall become as final after the expiration of 30 days after the date of judgment or after a motion for a new trial is overruled as if the term of court had expired. After the expira- tion of 30 days from the date the judgment is rendered or motion for new trial is overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law for the filing of bills of re- view in other district courts."

In the case of Phil H. Pierce v. Watkins, District Judge, et al. (Tex. Sup.) 263 S. W. 905, the validity and construction of these two sections of the said practice act were passed upon by the Supreme Court in an able opinion by Associate Justice Pierson. These two sections of the new practice act were held to be valid and their purport announced in that case in which the facts are not dissimi- lar to the facts in this case. In the reported case a judgment by default had been entered against a defendant in a suit pending in a dis- trict court in Dallas county. After more than 30 days had elapsed, and during the same term of the court in which the judgment was entered, a motion for a new trial was filed, in which facts were alleged tending to show that the defendant was not in default. After a hearing of this motion the judge of the court set aside the default judgment and granted a new trial. Phil H. Pierce Company made application to the Supreme Court for the issuance of a writ of mandamus to com- mand the district judge to vacate the said or- der granting a new trial, and to direct him to give effect to the judgment entered. We quote from the opinion in this case as fol- lows:

"As no motion for a new trial was filed within the time prescribed by chapter 105, and 30 days having expired before the court vacated and set aside the judgment, the judgment was final un- der the provisions of chapter 105.

"If said statute is a valid and constitutional enactment, and if its terms apply to this judg- ment, relator is entitled to the writ. Under the provisions of chapter 105 a motion for new trial filed more than 30 days after the entry of a judgment would be as one filed after the term of court had expired. The only remedy would be, as in similar cases and as provided by said chapter, by a bill of review."

After a discussion of the questions involv- ing the validity of the said sections and hold- ing that they are valid, the court directed the issuance of the writ on the ground that the judgment became just as final after the ex- piration of 30 days from its issuance without a motion for new trial having been filed as would have been the case under the old law after the adjournment of the term of court at which the judgment was entered.

[2, 3] While the pleading filed by appellant praying for a new trial is styled a motion for new trial, nevertheless, if no motion for a new trial could have been filed at said time, and the pleading contains all the essential elements of a bill of review, the court will regard it as a bill of review and not as a mo- tion for new trial. Phil H. Pierce Co. v. Wat- kins, supra. When the sufficiency of the pleading is tested as a bill of review, it fails in at least one important and essential ele- ment: No valid defense is alleged against ap- pellees' claim of right to declare the 14 out- standing notes due under the agreement en- tered as the judgment of the court and the consequent right to a judgment for the debt and a foreclosure of the mortgage lien. The judgment on this agreement is clear and ex- plicit. It did not contemplate that the parties should execute new notes or a new mortgage, but contemplated the continued existence of 14 of the original notes and the original mort- gage. Under the terms of said judgment, ap- pellant could not make default in the pay- ment of any one of these notes without giving appellees the right asserted on March 18th of declaring all of said notes due and payable. The fact that appellant might have miscon- strued the plain language in said judgment does not offer any excuse for such default.

We therefore hold that the trial court had no power to entertain the motion for a new trial at the time same was filed, and that the court did not err in refusing the relief sought by said pleading when same is considered as a bill of review.

The judgment is affirmed.