### KERBY v. HUDSON. (No. 743.)

Court of Civil Appeals of Texas. Waco.
Jan. 17, 1929.

Rehearing Denied Feb. 14, 1929.

W. W. Mason, of Mexia, for appellant.
L. W. Shepperd, of Groesbeck, for appellee.

BARCUS, J. On December 3, 1926, appellee filed suit in the county court of Limestone county against appellant on a verified account for $402.08. Appellant answered by filing a general demurrer and general denial. On February 5, 1927, appellant filed a voluntary petition in bankruptcy and listed the debt of appellee. On September 20, 1927, appellant received his discharge in bankruptcy. On November 25, 1927, the last day of the October-November term of the county court, appellee, without appellant having any notice thereof, took the matter up with the trial court, and had judgment entered in his favor for the full amount of said verified account. Appellant had no notice of said case being tried or of said judgment until after the term of court had expired. On January 18, 1928, appellant instituted this suit to set aside said judgment on the ground that he had a meritorious defense to appellee's cause of action, to wit, his discharge in bankruptcy, and that it was through no fault of his that he did not file said defense prior to the time judgment was taken or that he was not present at the time of the trial; that, under the custom prevailing in the county court of Limestone county, the trial judge, at the beginning of each term of the court, made a list of all active cases on his docket that would be called for trial during the term, and furnished each of the attorneys interested a copy thereof; that appellee's suit against appellant was not at any time during the year 1927 set for trial, it having remained, after the bankruptcy petition was filed, on the inactive docket of the county court; that, during the first part of the October-November term of said court, appellant's attorney, who lived in Mexia, went to Groesbeck and talked with the county judge, and told him that appellant had been discharged in bankruptcy, and

obtained permission to amend his answer, pleading said discharge, and was told by the trial court that said cause was not set for trial at said term, and that, if appellee desired said suit tried, he would set same for a day certain and have appellant's counsel notified.

The trial court held that appellant having obtained his discharge in bankruptcy on September 20th, 1927, and not having filed an answer pleading same prior to November 25, 1927, constituted such negligence as would justify it in refusing to set aside the judgment rendered on November 25th, and for said reason alone the court entered judgment denying appellant any relief. Hence this appeal.

■■ Appellant contends that, under the undisputed facts, he was as a matter of law entitled to have said judgment set aside, and further contends that the finding of the court that he was negligent in failing to file his amended answer, setting up his discharge in bankruptcy, is without support in the evidence. Our courts hold that a discharge in bankruptcy is a meritorious defense to a cause of action. Paggi v. Rose Mfg. Co. (Tex. Civ. App.) 259 S. W. 962. Our courts further hold that, where a party has been prevented by fraud, accident, or mistake or any other circumstance not attributable to his own fault or neglect from prosecuting his suit or making his defense, and the opportunity has not been afforded him for moving for a new trial during the term, he may bring an equitable action after its close to reopen the case and dispose of the litigation on its merits. Davis v. Terry, 33 Tex. 426; Hudson v. Kerby (Tex. Civ. App.) 5 S.W.(2d) 1007, and authorities there cited; First Nat. Bank v. Southwest Nat. Bank (Tex. Civ. App.) 273 S. W. 951.

■ Under the undisputed facts in this case, we think appellant was entitled to have the judgment rendered against him at the former term of court set aside, and be afforded an opportunity to plead his discharge in bankruptcy as a bar to appellee's recovery. During the pendency of the bankruptcy proceedings, no effort was made by appellee to try the case. It was left on the inactive docket of the county court. After appellant was discharged in bankruptcy, his counsel investigated the matter, found the case still on said docket, but not set for trial. He talked to the county judge, and received his assurance that, if appellee desired to further prosecute said suit, he would be notified thereof,

and would be given notice of the setting of said case. The rule which the trial court had established was that, if a case was not set by him at the beginning of the term, same would not be tried during the term, unless specially set and all parties notified thereof. If it was negligence for appellant to fail to file his answer setting up his discharge, he would have been equally negligent if he had not been present at the time of trial to present said answer and offer his testimony in support thereof. Under article 2001, Revised Statutes, a defendant has a right at any time, under leave of the court, to file an amended answer setting up any defense available, so long as it does not operate as a surprise to the plaintiff. It is shown without dispute in this case that appellee as well as his counsel knew that appellant had filed his petition in bankruptcy, and that appellee's claim had been listed as one of his liabilities, and knew that appellant had been discharged in bankruptcy. Counsel for appellee testified that, immediately upon learning that appellant had been discharged in bankruptcy, he went to the county judge and had the judgment entered, without having notified either appellant or his counsel, and without having had said case set for trial. It further appears without dispute in the record that it was the custom of the trial judge to make a list of all cases that were to be tried during the term of court and furnish counsel interested therein a copy thereof, and any case not on said official setting would not be tried except by a special setting with the attorneys for all the litigants notified thereof. Under facts much weaker than these, in the case of Paggi v. Rose Mfg. Co., supra, it was held that the defendant pleaded a sufficient reason for having a judgment rendered against him by default set aside. In Davis v. Terry, supra, the Supreme Court held that an attorney was justified in accepting a statement from the trial judge that no civil case would be tried during the term, and was therefore without negligence in failing to file an answer pleading payment of a note, and held that, as a matter of law, under said undisputed fact, he was entitled to have a former judgment set aside.

The facts in this case were fully developed and are undisputed. The judgment of the trial court is reversed, with instructions to set aside the former judgment rendered in cause No. 1579, entitled Z. B. Hudson v. W. B. Kerby, in the county court of Limestone county, rendered on November 25, 1927, and allow appellant to file his amended answer.