## STOLLENWERCK v. STATE NAT. BANK IN TERRELL.

### No. 11286.

Court of Civil Appeals of Texas. Dallas.
June 17, 1933.

Rehearing Denied Sept. 16, 1933.

J. Webb Stollenwerck, of Hillsboro, for appellant.

Ed. R. Bumpass and Fred T. Porter, both of Terrell, for appellee.

LOONEY, Justice.

This appeal is by Ben F. Stollenwerck from an order sustaining a general demurrer and dismissing his petition, filed against the State National Bank of Terrell and the State National Bank in Terrell, to set aside a default judgment against him in favor of the latter bank, rendered February 17, 1931. The sufficiency of the petition is the only question presented. The case is not briefed for appellees.

Appellant's allegations are to the effect that, being indebted to the State National Bank of Terrell, whose affairs, by authority of the Comptroller of Currency, were taken over by the State National Bank in Terrell, the latter filed suit against him on said in-

debtedness; that thereafter he went into voluntary bankruptcy, was adjudicated on the 6th day of November, 1930, by the District Court of the United States for the Northern District, Fort Worth Division; that said indebtedness was duly scheduled, the banks and their officials were notified and had knowledge of the bankruptcy proceedings; that no proof of·the claim was made, nor did either bank oppose appellant's discharge, which was duly·granted on February 3, 1931, discharging him from all provable debts and claims, the allegation being that the indebtedness in suit was of that nature; that, after being discharged, on February 17, 1931, the judgment by default, sought to be set aside, was rendered; that he had no notice or knowledge of the rendition of judgment until after the adjournment of court, too late to move for a new· trial; that he was represented by his brother, J. Webb Stollenwerck, an attorney and resident of Hillsboro, Hill county, Tex., who, for some time prior to the discharge in bankruptcy and rendition of the default judgment, and for several months thereafter, was seriously ill, during which time he was practically blind, in a highly nervous condition, and incapacitated to attend to legal business; at the time of appellant's discharge, February 3, 1931, at the time of the judgment by default, February 17, 1931, and for some time prior to these dates, and for several months thereafter, appellant's said attorney, upon whom he relied to protect his interest in the litigation, was, as shown above, incapacitated, by serious illness, to give attention to legal business; that appellant was ignorant of the gravity of his attorney's affliction, and, being a layman, was ignorant of the necessary procedure to protect his interest.

That the discharge constitutes a ·meritorious defense to the cause of action, is not debatable, and we are of opinion that, under the facts and circumstances, appellant, without fault or negligence on his part, was prevented from pleading same in bar, and, for same reason, was not afforded an opportunity to move for a new trial during the term of court; therefore are of opinion that the court erred in sustaining the general demurrer and dismissing the petition, hence reverse the judgment and remand the cause to afford appellant an opportunity to plead his discharge and have the case heard on its merits. Kerby v. Hudson (Tex. Civ. App.) 13 S.W.(2d) 724.

Reversed and remanded.

#### On Motion for Rehearing.

In the original opinion we said, "The record justifies the inference that, after the bank sued appellant, the case pended upon the docket without any intention or purpose, on the· part of plaintiff, to press for final trial, until after appellant's application for discharge was disposed of." [1] We thought this a legitimate inference from the allegations of plaintiff's petition. However, in appellee's motion for rehearing it is shown that the suit against appellant was filed October 31, 1930; that citation was served November 3d, but too late for the November term; that the case went over to the succeeding term which convened February 16, 1931; and that default judgment was promptly taken next day; so the criticism is made that we are inaccurate in saying that appellee permitted the case to pend upon the docket, without action, until after appellant's application for discharge in bankruptcy was disposed of. This criticism, based upon the facts stated, is justified, but the dates given, upon which the same is based, are not found in appellee's petition, but are taken from. the citation, which, while in, is not properly a part of, the record; hence was not considered by us. However, we do not deem the matter objected to of any materiality, and the language referred to is withdrawn from the opinion, but without affecting the result. Investing appellant's allegations with all reasonable intendments, we think a case is made showing that, without fault or negligence he was prevented by the continued serious illness of his attorney from urging a perfectly valid and meritorious defense to plaintiff's suit. Appellee's motion for rehearing is overruled. .

Overruled.