Jerry BUNKER, Appellant,

v.

Jack W. LOTT et al., Appellees.

No. 15637.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 30, 1955.

Rehearing Denied Oct. 28, 1955.

entitled to ground his appeal on such misconduct, when he has not advanced it as a ground in his last properly filed motion for new trial,—when the various losing plaintiffs were granted new trials because of jury misconduct properly advanced in their respective amended motions for new trial?

(It is to be noted that the character of misconduct considered is such as would have vitiated the verdict as to defendant as well as to the various plaintiffs had it been properly and timely advanced by him as a ground in his motion for new trial.)

Answer: The trial judge is not compelled to grant such a defendant a new trial upon the hearing of his motion therefor, and where the trial judge refuses to grant a new trial, the appellate court will not reverse the judgment of the court below because of jury misconduct.

This appeal is by Jerry Bunker, who was the defendant in an automobile negligence suit filed by Jack W. Lott and O. D. Dixon. Lott and Dixon are the appellees in the appeal. They were occupants of the automobile driven by Henry Rayford, which came into collision with the Bunker automobile.

Appellant Bunker was the driver of an automobile containing three passengers, Cullins, Watson and Wyly. The Bunker car collided with the automobile driven by Rayford. In the Rayford automobile were three other occupants, Johnson, Lott and Dixon. Johnson is now deceased. Four separate suits were filed in the District Courts of Tarrant County, Texas. Appellant was sued by Watson and Wyly, his passengers, in two different suits. He was sued in still a third action by the heirs of Johnson, deceased, and by Rayford. He was sued in a fourth suit by Lott and Dixon.

By agreement of counsel, all suits were consolidated as one, bearing a single number on the docket of the 48th District Court of Tarrant County, the final language of the court's order of consolidation reading: "It is therefore ordered, adjudged

---

Cantey, Hanger, Johnson, Scarborough & Gooch, Howard Barker and Charles L. Stephens, Fort Worth, for appellant.

Pepper & Markward, and Robert C. Pepper, Fort Worth, for appellees.

MASSEY, Chief Justice.

Quare: Where several separate and distinct causes of action against a single defendant are consolidated and tried before a jury, after verdict severed so that the causes are again made the subject of separate cases, judgment entered in such cases, and motions for new trial filed by varying losing parties under the various cases as so severed;—is the defendant (who is the losing party in one case) entitled to a new trial because of jury misconduct, or

and decreed that the above entitled and numbered causes be, and that they are hereby consolidated as one under the number and style: No. 66070-A, Leola Johnson et al. v. Frank W. Bunker et al., in the 48th District Court of Tarrant County, Texas." The order was dated February 13, 1954.

Consolidated trial before a single jury followed. The jury was impaneled to try case No. 66,070-A, embracing the various causes of action against appellant Bunker. By the jury's verdict was established the amount of damages sustained by each plaintiff. However, Rayford was found guilty of contributory negligence inhibiting any recovery by him, and the passengers in the appellant's automobile failed to secure jury findings which would authorize their recovery despite the Guest Statute. This left only the material findings of damages for the Johnson heirs and for Dixon and Lott. The verdict was returned and received on September 23, 1954.

On October 9, 1954, the trial court entered an order of severance and rendered separate judgments under the numbers of the various cases and causes of action previously consolidated. No motion appears and from the record the trial court apparently severed the cases on his own motion "in the furtherance of convenience and to avoid prejudice", to use the words of the order. Appellant's exception to such action was noted on the court's docket. It is to be noted that the causes of action of the Johnson heirs and Rayford were restored to the original case number under which their two individual causes of action existed prior to the consolidation, and Rayford was denied recovery therein while the Johnson heirs were awarded damages. Both Lott and Dixon were awarded damages under the case number given their joint suit as originally filed. Bunker's guests, Watson and Wyly, were denied recovery under their suits.

Following entry of the several judgments, the appellant and Rayford, Wyly and Watson all filed motions for new trial, subsequently filing amended motions for new trial. Appellant's amended motions in all the cases were filed on November 1, 1954. The amended motions for new trial by all the other movants were filed on November 8, 1954, the last day on which they could be filed. All the amended motions, save that of the appellant Bunker, set up jury misconduct as a ground for new trial. It is to be remembered that all this followed the order of severance of the court, and each motion was filed under individually numbered cases.

No doubt by reason of the jury misconduct set up by amended motions of all the other parties, the appellant was influenced to file instruments which he denominated "Defendant's Supplement to his Amended Motion for New Trial" in both the case where Lott and Dixon were the plaintiffs, and in the case where the Johnson heirs and Rayford were the plaintiffs. The ground of the "Supplements" in both cases was jury misconduct. The appellant only was seeking a new trial under the case number where Lott and Dixon were plaintiffs. Both the appellant and Rayford were seeking new trials under the case number where the Johnson heirs and Rayford were plaintiffs.

Since, under the instant appeal Lott and Dixon are the appellees, and it is under the number of another and different appeal that the Johnson heirs are appellees, we shall proceed from this point in this opinion to treat the appeal as one in a case where the motions for new trial in the suit of the Johnson heirs and Henry Rayford are not involved. The statements, declarations and holdings as hereinafter contained do not have application to the appeal in such companion case as will be noted from our opinion thereon.

The question on this appeal resolves itself into an inquiry as to the availability to a losing defendant in a damage suit of jury misconduct as a ground for a new trial, or as a point on appeal, when the misconduct is discovered after he has filed his amended motion for new trial. In con-

nection with the question is the additional inquiry as to whether, under the state of this record, the fact of jury misconduct is one of which the appellate court must take cognizance. It is of course apparent that the trial judge was aware of it, disregarding any question as to whether or not it was properly assigned in appellant's motion for new trial, but he did not see fit to grant a new trial.

◼ Appellant predicates two points upon the contention that the severance of the various causes of action, or sets thereof, from the others with which they were consolidated for trial by agreement, and the entry of separate judgments in the cases as so severed, constituted error. By the very recent opinion in the case of Hamilton v. Hamilton, Tex.1955, 280 S.W.2d 588, it has been established that where separate and distinct causes of action are consolidated by agreement, but after verdict and before ultimate judgment are severed into separate cases, the severance is within the authority of the trial judge under Texas Rules of Civil Procedure, rule 174, and his action in such regard will not be disturbed on appeal in the absence of a demonstration that prejudice to the complaining party resulted therefrom. See also Associated Growers v. Smith, Tex.Civ.App. San Antonio, 1951, 244 S.W.2d 348. In the present instance there is no demonstration by the appellant that prejudice resulted to him in the severance. Rather is it clear that he subsequently suffered from the failure to timely advance the contention of jury misconduct in his amended motion for new trial.

Though there is grave doubt that the part of the record showing the jury misconduct which took place during the deliberations of the jury is properly made a part of the record on this appeal, nevertheless there is no question but what misconduct did occur. It was misconduct which would have entitled the appellant to a new trial, could he but claim the advantage thereof. The plaintiffs who were seeking damages of the appellant in the cases before consolidation moved for new trials in the same cases after they were severed and judgments were rendered,— each on the ground of the same jury misconduct. They obtained new trials. The trial court refused to entertain the appellant's "Supplement" to his amended motion for new trial in which he attempted to set up the same jury misconduct as a ground to be added to his motion.

◼◼ The appellant has two points relating to the trial court's sustaining exceptions to and striking his "Supplement", in not permitting him to amend it, and in refusing to consider it. We do not believe the points are well taken. Ever since the holding in the case of Independent Life Ins. Co. of America v. Work, 1934, 124 Tex. 281, 77 S.W.2d 1036, the statutes and rules succeeding the statutes have adhered to the rule that there may be only one amended motion for new trial in so far as the consideration of any record on appeal is concerned, and that grounds for new trial presented in any subsequently filed instrument have no effect either as to time or substance. While the trial judge, in instances like the present, may have discretion as to whether or not he will, during the period in which he has jurisdiction of the cause, grant a new trial because of some error not appearing in the motion for new trial, the manner in which he exercises his discretion is not reviewable on appeal.

We do not agree that the holding of the case of Freedman Packing Co. v. Harris, Tex.Civ.App.Galveston, 1942, 160 S.W.2d 130, writ refused, w. m., is applicable at all. In that case the complaining party actually advanced jury misconduct as a ground in his timely filed motion for new trial, good as against what was then termed a general demurrer. The paragraphs of the motion raising such ground were stricken upon exception, whereupon the complainant sought reinstatement, supporting his move therefor with affidavits, etc., which if originally incorporated in his motion would have saved the ground despite the exception. The trial court refused to permit the tendered instruments to be filed under the

mistaken opinion that to do so would permit a second amendment of a motion for new trial. The holding of the Galveston court was to the effect that they would not have constituted an amendment and that the trial court erred in refusing to permit them to be filed. In the instant case the appellant's amended motion for new trial was completely silent as to jury misconduct, and misconduct was not advanced by him at all until he sought to file the "Supplement".

■ The appellant is not aided through the application of equitable principles for he did not invoke the jurisdiction of the court, as one of equity, in connection with the jury misconduct. On the face of the record there is no statement made by the appellant that he was unaware of the fact of the jury misconduct in time to raise it in his amended motion, and neither is there any explanation offered by the appellant excusing his failure to discover or advance the jury misconduct in his amended motion for new trial. He does not show that the prejudice to him resulted from fraud, accident, or concealment on the part of anyone,—whether the appellees in this case or other persons. Neither does he show that his failure to advance jury misconduct in this case was not due to negligence or fault on his part. See 17 Tex.Jur., "Equity", p. 23, "Facts Requisite to Relief—Exercise of Care", sec. 20.

Had the appellant been privileged to invoke the equity jurisdiction of the court, and done so, he would have perhaps been entitled to have the jury misconduct considered as a motion in the nature of a Bill of Review, and as so considered the trial judge's exercise of discretion tested as to abuse because of his failure to grant a new trial. See 3-B Tex.Jur., "Appeal and Error", p. 420 et seq., secs. 927 to 931; Missouri-Kansas-Texas R. Co. v. Evans, 1952, 151 Tex. 340, 250 S.W.2d 385, reversing 243 S.W.2d 181 by this court; Box v. Pierce, Tex.Civ.App.Dallas, 1925, 278 S.W. 226; City of Eastland v. Owen, Tex.Civ.App. Eastland, 1932, 49 S.W.2d 534, reversed on other grounds in 124 Tex. 419, 78 S.W.2d

178; Davis v. Terry, 1870, 33 Tex. 426. In a case where a complainant had already filed his amended motion for new trial, equity would be applicable to the end of the attainment of justice though the time be not yet reached for the judgment to be final or appealable.

But where the appellant has not invoked the trial court's equitable powers to consider matter not included within the amended motion for new trial, the failure of the trial judge to consider the complaint of the appellant or to rule as requested in nowise strengthens appellant's case on appeal.

■■ By other points the appellant contends that since jury misconduct indisputably occurred in connection with the very verdict upon which appellees must necessarily rely to support the judgment from which the appeal is taken, the verdict is vitiated and fundamental error is thereby apparent; further, that under these circumstances, the failure of the trial judge to set the same aside during the time when he had power to do so in the case on appeal, as he did in the other cases wherein judgment was rendered upon the findings of such verdict, constituted an abuse of discretion.

We do not believe that the legal requisites appear demonstrating fundamental error. If an examination of a statement of facts is necessary to determine the question, it is not fundamental error. Lane v. Fair Stores, Inc., 1951, 150 Tex. 566, 243 S.W.2d 683. Even though we know that the verdict underlying the judgment was tainted with jury misconduct, we know this either by reference to a statement of facts or by reference to the record in the other cases which were severed from the case at bar. Such a reference on our part would be analogous to a reference to the statement of facts. In brief, a severance under the Rules either sends causes which are severed into separate and complete case entities or severance is a fiction. We are of the opinion that the purposes meant to be accomplished by Rule 174 do not admit any fantasy.

As already noted, though the trial judge had discretion to grant a new trial in the instant case, under the circumstances thereof his refusal to do so is not reviewable on this appeal. We therefore conclude that the points must be overruled.

■ Appellant has an additional ground in connection with the appeal. As defendant below, appellant submitted a requested Special Issue which was refused. Exception was taken and the point preserved. The issue inquired as to whether these appellees were engaged on the occasion in question in a joint enterprise with plaintiff Rayford, the driver of the car in which they were riding at the time of the collision. As previously noted, Rayford was found guilty of contributory negligence by the verdict of the jury. If the question posed by the specially requested issue was raised by the evidence as it was by the pleadings, then appellant was entitled to have the issue submitted in order that he would be availed the defense of contributory negligence against the appellees as well as against the plaintiff Rayford.

Appellees and Rayford and the deceased Alvin Johnson were all employees of the Friedman Construction Company and were engaged on a job at Eagle Mountain Lake some 15 miles from downtown Fort Worth. By individual agreements between Rayford and each of the others, such others were paying him 50¢ per day for their transportation to and from work. This was the arrangement in effect and operative at the very time of the collision giving rise to the various suits and causes of action against appellant. The evidence showed no more than this. The requested special issue was properly refused, since there could have been no relationship between the parties in question as joint adventurers. The prime element of such a relationship was absent, to-wit: the equal right, express or implied, to direct and control the conduct of each other in the operation of the automobile. See 30–B Tex.Jur., "Negligence", p. 344, "Parties to Joint Enterprise", sec. 117, and cases thereunder cited.

Judgment is affirmed.