

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 26, 1961

Honorable Charles J. Lieck, Jr.
Criminal District Attorney
Bexar County
San Antonio, Texas

Opinion No. WW-1099

Re: Under the facts stated,
when may the county clerk
issue a writ of execution
on a county court judg-
ment and related questions.

Dear Mr. Lieck:

Your letter requesting an opinion has been receiv-
ed and carefully considered by this department. We quote
from your letter as follows:

"On April 17, 1961 Welex Inc.
recovered judgment against Emmett
Cole, Jr. in said court based upon
a jury verdict for the sum of
$796.47 with 10% interest from May
19, 1959, and $200.00 attorney's
fees and all costs of suit. The
judgment is dated April 17, 1961
and was signed by the Judge of said
court April 19, 1961. A motion for
new trial was filed April 24, 1961,
and without having been heard, an
amended motion was filed May 12, 1961."

Your first question is whether under the facts
stated, and assuming that 90 days will elapse for determin-
ation of the amended motion, how long will the Clerk have
to wait before he can lawfully issue a writ of execution?

Rule 329b, Rules of Civil Procedure, effective Jan-
uary 1, 1961, by which original or amended motions for new
trials in county court cases are governed is quoted as follows:

"The following rules shall be
applicable to motions for new trial

filed in all district and county
courts:

"1. A motion for new trial when
required shall be filed within ten
(10) days after the judgment or other
order complained of is rendered.

"2. An original motion for new
trial filed within said ten (10) day
period may be amended by leave of the
court. Said amended motion shall be
filed before the original motion is
acted upon and within twenty (20) days
after the original motion for new
trial is filed. Not more than one
amended motion for new trial may be
filed.

"3. All motions and amended
motions for new trial must be deter-
mined within not exceeding forty-five
(45) days after the original or amend-
ed motion is filed, unless by one or
more successive written agreements of
the parties in the case filed with the
clerk of the court the decision of the
motion is postponed to a day certain
specifically set out in any such agree-
ment. Any such day certain shall not
be more than ninety (90) days after
such original or amended motion is
filed.

"4. It shall be the duty of the
proponent of an original or amended
motion for new trial to present the
same to the court within thirty (30)
days after the same is filed. However,
at the discretion of the judge, an
original motion or amended motion for
new trial may be presented or hearing
thereon completed after such thirty
(30) day period. Such delayed hearing
shall not operate to extend the time
within which the original or amended
motion must be determined, unless such

time be extended by agreement as provided for in the preceding subdivision of this Rule. In the event an original motion or amended motion for new trial be not presented within thirty (30) days after the date of the filing thereof, and the judge in his discretion refuses to consider the same or refuses to hear evidence relating thereto, such motion will be overruled by operation of law forty-five (45) days after the same is filed, unless disposed of by an order rendered on or before said date. In the event the decision of the motion is postponed by any written agreement as provided in subdivision 3 of this Rule then any such original or amended motion, if not determined by the court, will be overruled by operation of law ninety (90) days after the same is filed or on the latest day certain agreed upon, whichever occurs first.

"5. Judgments shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial. . . ."

Rule 627, Rules of Civil Procedure, reads as follows:

"The clerk of the court or the justice of the peace shall issue the execution upon such judgment upon the application of the successful party or his attorney after the expiration of twenty days from and after the rendition of a final judgment in the district or county court or in the justice court, and after the overruling of any motion therein for a new trial, or in arrest of the judgment, if no supersedeas bond has been filed and approved."

As set out in the statute, a motion for a new trial must be filed within ten (10) days after entry of

judgment, may be amended once by permission of the court within twenty (20) days after filing the original motion if the original motion has not been acted upon. Bunker v. Lott, 282 S.W.2d 879 (Civ.App. 1955, error ref. n.r.e.). The original or amended motion should be presented to the court within 30 days after filing, but the court has the right to extend the time for presentation until the motion is overruled by operation of law after forty-five (45) days have elapsed. If the court does not rule on the original or amended motion within forty-five (45) days from the date of filing, it is overruled by operation of law unless all parties or their attorneys extend the time in writing for a definite period or day certain for the court to rule on the motion. Moore v. Decuir, 286 S.W.2d 471 (Civ.App. 1956, error ref.).

Any such day certain shall not be more than ninety (90) days after the original or amended motion is filed. In the event the decision on the motion is postponed by a written agreement, the original or amended motion, if not determined by the court, will be overruled by operation of law ninety (90) days after the same is filed or on the latest day certain agreed upon, whichever occurs first. The judgment of the court becomes final thirty (30) days after the date of rendition of Judgment or a timely filed motion for new trial or amended motion is overruled by the court or by operation of law.

The two important changes in the amendment of Rule 329b which we are concerned with here are the ninety (90) day limitation period designed to eliminate unreasonable delay in disposing of motions for new trial and the application of this rule to county courts as well as district courts.

Under the facts stated in your letter, the judgment in the instant case was properly signed and entered, the original and amended motions for new trial were timely filed, the amended motion being filed on the 12th day of May, 1961. If the motion is not presented within the thirty (30) day period after filing and the judge in his discretion refuses to hear the motion, the motion is overruled by operation of law forty-five (45) days after being filed which in this case would be June 26, 1961. Assuming that there is a written agreement between the parties to

postpone the hearing to a day certain and that the ninety (90) day period will elapse with no action taken on the amended motion by the court, the 90 day period will be up under your facts on August 10, 1961, and the judgment will become final September 11, 1961, (see Rule 4, Rules of Civil Procedure), thirty (30) days after the motion for new trial is overruled by operation of law.

Under Rule 627, Rules of Civil Procedure, which provides that execution may issue twenty (20) days "after the rendition of a final judgment in the district or county court . . . and after the overruling of any motion therein for a new trial," execution may safely issue, under the assumed facts, herein stated, on October 2, 1961, (see Rule 4, Rules of Civil Procedure), unless a supersedeas bond has been filed and approved.

Therefore, in answer to your first question, under the facts stated in your letter and assuming there was a written agreement to postpone the hearing to a day certain and that 90 days will elapse for the determination of the amended motion, the Clerk can lawfully issue a writ of execution on October 2, 1961, unless a supersedeas bond has been filed and approved. However, under Rule 628, execution may issue within said twenty days under named conditions.

In your second, third, and fourth questions you ask if there is any liability on the part of the Clerk for the premature issuance of the execution and, if he refuses to issue an execution, which he deems premature, would he be liable in damages, or would he be guilty of contempt of court for such refusal.

The general rule seems to be that the premature issuance of an execution is an irregularity, but the writ must be respected until it is vacated in a direct proceeding for that purpose. House v. Robertson, 36 S.W. 251 (Civ.App. 1896); Acrey v. Henslee, 279 S.W.2d 925 (Civ.App. 1955); Sydnor v. Roberts, 13 Tex. 600; Interstate Life Insurance Company v. Arrington, 307 S.W.2d 146 (Civ.App. 1957); 18 Tex.Jur. 581, Executions, Sec. 43. It is clear from a study of the above cited cases that, in the exercise of his ministerial duties, there is no liability on the part of the Clerk for the mere issuance of an execution which is premature.

Although we find no Texas cases holding the Clerk liable in damages for the premature issuance of an execution, we do find certain cases which indicate that the Clerk is not immune from liability where he refuses to issue an execution which he deems premature and an injury occurs resulting in actual damage to one of the parties because of neglect in the discharge of his duties, or wilful disregard of the rights of a party to an action. Moore v. Muse, 47 Tex. 410; Kinney v. Bell, 127 Fed. 1002 (C.C.A.E.D. Pa. 1904). However, these cases also indicate that the Clerk is not liable in damages because of his refusal to issue execution where he has a legal reason for not doing so. In Kruegal v. Jones, 143 S.W. 989 (Civ.App. 1912), the Court held that the refusal of the Clerk to issue an execution under the facts of the case did not render him liable in damages, the plaintiff in such circumstances having no right to the writ.

The situation is much the same in a proceeding for contempt of court. If the Clerk refuses to carry out the order of the court or neglects to carry out the duties imposed by statute in the performance of his ministerial duties he may be found guilty of contempt of court but, if a party to a suit has no right to the writ, the Clerk is not guilty of contempt. 12 Tex.Jur. 159, Clerks of Court, Sec. 39; Francis v. State, 156 S.W. 1167 (C.C.A. 1913); Kruegal v. Williams, 153 S.W. 903 (Civ.App. 1913, error ref.).

Therefore, in answer to your last three questions, it is the opinion of this department that there is no liability on the part of the Clerk for the mere issuance of an execution which is premature and that the writ must be respected until it is vacated in a direct proceeding for that purpose. Neither is the Clerk liable in damages or guilty of contempt of court where he refuses to issue an execution which is, in fact, premature, where there is no valid judgment and a legal reason for his refusal. However, the Clerk may be liable in damages if he refuses to act when a party has a right to an execution and his refusal is due to the wilful neglect of the discharge of his duties or wilful disregard of the rights of a party to an action resulting in actual damage to a party. He may also be found guilty of a contempt of court where he neglects to perform his duties as a ministerial officer which have been imposed by statute and he fails or refuses to carry out the order of the court without legal excuse.

## S U M M A R Y

Under the facts presented, the Clerk may lawfully issue a writ of execution on the judgment on October 2, 1961. There is no liability on the part of the Clerk for the mere premature issuance of an execution but the writ may be vacated in a direct proceeding for that purpose. The Clerk is not liable in damages or guilty of contempt of court where he refuses to issue a writ of execution which is, in fact, premature.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Iola Barron Wilcox*
Iola Barron Wilcox
Assistant

IBW:mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Ralph R. Rash
Pat Bailey
Watson C. Arnold
J. Milton Richardson

REVIEWED FOR THE ATTORNEY GENERAL

BY: Morgan Nesbitt